## Stone *v.* Philadelphia et al.

Argued December 2, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Augustus Trask Ashton,* City Solicitor, with him *T. B. K. Ringe, G. Coe Farrier* and *I. G. Gordon Forster,* Assistant City Solicitors, for appellant.—A municipal-

ity and an operator of an automobile cannot be sued as joint defendants by a plaintiff alleging he has suffered personal injuries as the result of the negligent and unlawful driving of an automobile into a hole in the street, and thence running into him: Bard v. Yohn, 26 Pa. 482; Klauder v. McGrath, 35 Pa. 128; Betcher v. McChesney, 255 Pa. 394; Hill v. Am. Stores Co., 80 Pa. Superior Ct. 338; Howard v. Traction Co., 195 Pa. 391; Wiest v. Traction Co., 200 Pa. 148.

The court erred in refusing a continuance to the city defendant when it granted a nonsuit on behalf of the automobile driver: Goldman v. Mitchell-Fletcher, 292 Pa. 354.

*William Y. C. Anderson,* with him *William Charles Brown,* for appellee.—Ever since the Act of June 29, 1923, P. L. 981, a municipality and an operator of an automobile can be sued as joint defendants by a plaintiff alleging he has suffered personal injuries as the result of the negligent driving of the automobile into a hole in the street, and thence running into him: Gray v. Coal Co., 11 D. & C. 42; Mullen v. McGeagh, 88 Pa. Superior Ct. 381; Moraski v. Transit Co., 293 Pa. 224; Gable v. Cab Co., 200 Pa. 37; Smith v. Walat, 99 Pa. Superior Ct. 147; Brobston v. Boro., 290 Pa. 331.

The court below did not err in refusing a continuance to the city defendant when it granted a nonsuit on behalf of the automobile driver, and also in refusing to take off the nonsuit at the instance of the city: Evans v. Clover, 1 Grant 164; Lamb v. Greenhouse, 59 Pa. Superior Ct. 329; Cleary v. Cab Co., 285 Pa. 241.

OPINION BY MR. JUSTICE SCHAFFER, January 5, 1931:

Charles J. Stone brought this action of trespass against the City of Philadelphia and Max R. Leven to recover damages for personal injuries, the loss of his leg, caused by Leven violently striking him with his automobile, having first driven into a defect in the street.

Certain other defendants were brought in by the city on sci. fas. They, however, were eliminated as the result of the sufferance of voluntary nonsuits. The trial judge entered a compulsory nonsuit as to Leven. The suit proceeded against the city alone and resulted in a verdict in plaintiff's favor for $35,000. Judgment was entered on the verdict as rendered without abatement and the city has appealed.

The principal discussion in the briefs and on oral argument, in addition to the amount of the verdict, was as to whether the city and Leven could be jointly sued, and whether, under the pleadings alleging a joint liability, recovery could be had against the city alone. However the rule may have been prior to the Act of June 29, 1923, P. L. 981, since its passage such recovery may be had: Moraski v. P. R. T. Co., 293 Pa. 224; Gable v. Yellow Cab Co., 300 Pa. 37; Mullen v. McGeagh, 88 Pa. Superior Ct. 381; Smith v. Walat, 99 Pa. Superior Ct. 147.

In our view the question of controlling consequence in the case, so far as the city is concerned, is whether, under the facts as they were shown, it can be held liable at all. The briefs on neither side adequately present this question. We have been compelled to make our own investigation of it.

Leven was driving his automobile east on Sansom Street toward 13th Street at about 9 o'clock in the morning of a clear day. It had been his custom to thus drive every morning except Sunday for a considerable period of time. A barrier had been erected on the north side of Sansom Street to guard an excavation made by public utility companies. Leven knew of this barrier and that he could not proceed on the north side of the street and he therefore drove on the south side, which was his proper, right-hand side. He saw the plaintiff standing on that side of the highway engaged in removing ice from an ice wagon on which he was employed. He, Leven, knew that the particular hole in question was in

the street, close to where plaintiff was standing and that the street was slippery, having been recently sprinkled. He testified categorically that he knew the condition of the street and that the hole was in it. Notwithstanding this knowledge, he drove into the depression, lost control of his car, slid some distance, he says eight feet, after he put his brakes on, violently struck the plaintiff and inflicted injuries so serious as to require the amputation of his leg. In entering the nonsuit as to Leven, the trial judge said it was done because no negligence had been shown on his part. In our view, he was the one primarily negligent. He saw the plaintiff standing in the rear of the ice wagon, taking out a piece of ice, he knew the defective and slippery condition of the street but drove on and into the plaintiff. We are unable to understand how it could be concluded that he was acting with due care under the circumstances. It was manifest error to enter a nonsuit as to him.

Under the circumstances, can the city be held liable for the result which flowed from Leven's incautious act, because it permitted the hole to be in the street? We are of opinion that under the legal principle which governs such situations as that before us, it cannot be. That principle would seem to be best and most simply stated in Wharton's Law of Negligence, page 130, section 134, where the learned author says: "Supposing that if it had not been for the intervention of a responsible third party the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that causal connection between negligence and damages is broken by the interposition of independent responsible human action. I am negligent on a particular subject-matter. Another person, moving independently, comes in, and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a nonconductor, and insulates my

negligence, so that I cannot be sued for the mischief which the person so intervening directly produces. He is the one who is liable to the person injured. I may be liable to him for my negligence in getting him into difficulty, but I am not liable to others for the negligence which he alone was the cause of making operative." The principle was recognized in Thubron v. Dravo Contracting Co., 238 Pa. 443, and in the cases therein cited, where we held that when there are two efficient, independent, proximate causes of an injury sustained on a highway, the primary cause being one for which the party charged with negligence is not responsible, and the other being a defect in the highway, the injury must be referred to the former and not to the latter. We said in the course of that opinion (page 445) : "Mere concurrence of one's negligence with the proximate and efficient cause of the disaster will not create liability. [Page 447, quoting from Schaeffer v. Jackson Twp., 150 Pa. 145]...... The cases must be rare in which an injury can be said to be the result of the negligence of a party when there is another and primary efficient proximate cause, wholly independent of such negligence and for which the party charged with negligence is in no way responsible. In such cases it would be incumbent on the plaintiff to show that the accident would have happened without the concurrence of the primary efficient proximate cause." In that case horses escaped from the control of the party in charge of them, in the one in hand the automobile got beyond control of its driver. We said in the cited case that the escape of the horses from control was the efficient, primary and proximate cause "for which no responsibility rested on the defendant." In the case in hand equally it must be concluded that Leven's carelessly running into the hole and losing control of the automobile was the efficient, primary cause for which the city was not responsible.

If Leven had not known of the hole and unwittingly had driven into it, there might arise a different legal

liability situation, but he knew of it, and directly produced the injuries to plaintiff by his lack of care in not avoiding it. The defect in the street was passive so far as plaintiff was concerned. Without the independent act of Leven no harm would have come to him from it.

The principle with which we are dealing is well expressed in a note to Corpus Juris, as follows: "If a party do an act, which might naturally produce an injury to another as its consequence, but, before any such injury results, a third person does some act or omits to perform some act, which it was his duty to perform, and this act or omission of such third person is the immediate cause of an injury, which would not have occurred but for his negligence, such third person is responsible for such injury and not the party guilty of the first negligence; for the causal connection between the first act of negligence and the injury is broken by the interposition of the act or omission of the third party. And this act or omission of the third party is in law regarded as the cause of the injury, and the act of the first party is in law regarded as a mere condition, according to the maxim: 'In jure non remota causa sed proxima spectatur' ": 45 C. J. 931, 932, note 55, quoting from Washington v. Baltimore, etc., R. R. Co., 17 W. Va. 190, 196. In Bruggeman v. City of York, 259 Pa. 94, where the city had permitted filth to accumulate in the street and the plaintiff went out with a broom to clean up some of the filth deposited in front of her home, and in an effort to remove a coil of wire which had become lodged in the gutter, pushed it with the broom so that it sprang back and in so doing sent a splash of the street mud into her face and eye, thereby causing her to lose the sight of her eye, there being nothing to indicate that the defendant was in any manner responsible for the presence of the wire in the street, we held that the negligence complained of, the accumulation of the mud in the street, was not the proximate cause of the plaintiff's injury. In the course of the opinion we said (page 97) : "A prior

and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury...... Here the foul mud in the street was the condition and perhaps remote cause of the injury, but the coiled wire which threw the mud in plaintiff's face, as she pushed it with her broom, was the immediate, unrelated and intervening cause of the accident. The mud was passive, the active agent was the wire when set in motion by the broom, and aside from it the accident would not have happened." The same principle was followed in Dixon v. Butler Twp., 4 Pa. Superior Ct. 333, 340.

The case of Henry v. City of Phila., 264 Pa. 33, in which a police patrol wagon ran into a hole in the city street causing an axle of the wagon to break and the wheel to be detached and to be projected forward for a considerable distance and to strike a pedestrian and injure him is distinguishable on its facts from the case at bar in the respect that it was the city's own instrumentality which ran into the hole and caused the injury. There the two concurring causes were the city's own. Furthermore, in that case no negligence on the part of the driver of the patrol wagon was either averred or proved. There was a conflict between the witnesses for the respective parties as to whether the wheel left the body of the patrol at the east car track or the west, the hole in question being allegedly just west of the west car track. They also differed as to whether or not any hole whatever existed at the place averred, at the time of the accident. The facts in that case being in dispute, the question of the proximate cause of the injuries was for the jury. It may be open to question whether today a recovery would be sustained in that case in view of our later decisions, such as Balashaitis v. Lackawanna Co., 296 Pa. 83, and Scibilia v. Phila., 279 Pa.

549. In the case now before us, however, the facts as to how the accident happened are not disputed. That Leven was negligent, and that the question of his negligence should have been submitted to the jury, is an inescapable conclusion. The conclusion is not countervailed by any evidence, nor is the existence of the hole in the street at the time of the accident denied. The facts being undisputed, the question of proximate cause was for the court: Passenger Ry. Co. v. Trich, 117 Pa. 390; Kosson v. West Penn Power Co., 293 Pa. 131, 136. In Stemmler v. Pittsburgh, 287 Pa. 365, plaintiff was injured while riding his bicycle on the public highway, the roadbed of which contained many ruts and holes in which water had collected. While he was passing a truck traveling in the opposite direction, one of its wheels dropped into a hole causing mud and water to splash in the plaintiff's face and small stones or gravel in the mud penetrated his eye, causing the loss of sight in it. It was not shown that the driver of the truck knew of the holes or of any danger in passing over them and it appeared that the defects in the highway were so numerous as to render avoiding them all a practical impossibility. We said that the splashing of the mud was a natural and probable incident to the use of the street by vehicles in wet weather and that therefore the chain of events between the defects in the street and the accident remained unbroken. In the instant case, it could not be said that the losing control of the automobile by Leven was a natural and probable incident to the use of the street. Furthermore, in the Stemmler Case there was no independent act of negligence on the part of the driver of the truck; in the instant case, there was.

It is urged upon us by appellee that under Cleary v. Quaker City Cab Co., 285 Pa. 241, the City of Philadelphia has no standing to appeal from the entry of the nonsuit as to Leven. We think, however, as the whole record of the case is in this court, under the broad

powers conferred upon us by the Acts of May 22, 1722, 1 Smith's Laws 140, and June 16, 1836, P. L. 785, "to minister justice to all persons," we can make such an order as will enable plaintiff to reassert his claim against Leven by moving the court below to take off the nonsuit as to him. Otherwise plaintiff's rights are .lost as the time within which he might commence another action has expired.

The judgment is reversed and is here entered in favor of the defendant, the City of Philadelphia. Leave is granted to plaintiff to move the court below to take off the nonsuit entered as to Max R. Leven.