## Hoffman v. McKeesport, Appellant.

Argued March 19, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART and SCHAFFER, JJ.

*Harry M. Jones,* for appellant.

*R. A. Hitchens,* with him *Fred S. Hitchens,* for appellee.

PER CURIAM, April 20, 1931:

Plaintiff sued in trespass to recover damages for personal injuries from defendant city. On the morning of July 26, 1927, plaintiff was a passenger on a street car of the Pittsburgh Railways Company, traveling west on Fifth Avenue, in defendant city. At or near Hartman Street, defendant had removed a strip of brick paving from the cartway for the purpose of connecting a gasoline service station with the city's water supply system. Subsequently the trench was filled in and allowed to remain without repaving for a period of eight or ten weeks to permit the fill to settle. The refilled trench extended across the roadway and developed a depression approximately three feet wide and twelve to eighteen inches deep. As the street car on which plaintiff was a passenger was opposite the defective portion of the cartway, a truck loaded with coal, passing on the left side, ran into the trench and swerved against the street car, breaking several windows and causing injury to plaintiffs. The case was tried twice. At the first trial there was a verdict in favor of plaintiff of $8,500. A new trial was granted and a verdict of $12,500 was rendered in favor of plaintiff. Defendant again moved for judgment n. o. v. and for a new trial, both of which were refused, and this appeal followed.

Appellant contends that if it were negligent in permitting the depression to remain in the street, its omission was the remote and not the proximate or efficient cause of the accident; that a separate and independent act intervened over which it had no control and which it could not have reasonably foreseen; further, that the truck driver was negligent in attempting to pass the car at this particular point. On the other hand, appellee urges that, inasmuch as the city permitted the public to use the street, unless it was imminently dangerous, the truck driver could not be convicted of negligence, and the question of proximate cause was properly for the jury. Appellee relies on Steck v. City of Allegheny, 213 Pa. 573, 576, where we said: "Persons are not necessarily prohibited from using a street of a city because it is defective or may be partly obstructed...... While, however, such conditions may not of themselves prevent the use of a street they nevertheless impose upon the person using it a higher degree of care than if the street were free from obstructions. In such cases the party traveling the street must use that degree of care demanded by the circumstances of the particular case." The first question here is, Was the truck driver exercising the degree of care demanded by the circumstances? Obviously, he was not. He testified to being aware of the defect in the roadway and "knew it was dangerous," that he passed over it several times each day, and, while doing so on a prior occasion, had damaged his truck. Under these circumstances, what was said in the recent case of Stone v. Phila., 302 Pa. 340, 345-6, where the facts are almost identical with those now before us, becomes applicable and controlling: "If Leven had not known of the hole and unwittingly had driven into it, there might arise a different legal liability situation, but he knew of it, and directly produced the injuries to plaintiff by his lack of care in not avoiding it. The defect in the street was passive so far as plaintiff was con-

cerned. Without the independent act of Leven no harm would have come to him from it."

We deem unnecessary discussion of the numerous cases cited by appellee, and need only refer further to Stone v. Phila., supra, pages 346, 348, and cases there cited: " 'If a party do an act, which might naturally produce an injury to another as its consequence, but, before any such injury results, a third person does some act or omits to perform some act, which it was his duty to perform, and this act or omission of such third person is the immediate cause of an injury, which would not have occurred but for his negligence, such third person is responsible for such injury and not the party guilty of the first negligence; for the causal connection between the first act of negligence and the injury is broken by the interposition of the act or omission of the third party. And this act or omission of the third party is in law regarded as the cause of the injury.' ...... The facts being undisputed, the question of proximate cause was for the court." In the present case, the court below erred in submitting this question to the jury.

The judgment is reversed.