Maguire *v.* Doughty, Admr., Appellant, et al.

Argued January 4, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Charles T. Bunting,* for appellant.

*S. S. Herman,* with him *B. J. O'Connell,* for appellee, Philadelphia Rapid Transit Company.

OPINION BY MR. JUSTICE MAXEY, April 12, 1937:

The plaintiff brought an action in trespass against the Administrator of the Estate of William J. Doughty, deceased, and the Philadelphia Rapid Transit Company, hereinafter referred to as the company, for damages arising from the death of plaintiff's wife, Catherine Maguire, in a motor vehicle accident at 2:30 A. M., on December 7, 1934. Plaintiff claimed that while his wife was lawfully upon the highway of Chestnut Street, Philadelphia, at or about the intersection of 32nd Street, an automobile was being negligently operated by William J. Doughty in an easterly direction on Chestnut Street and a trolley car was being negligently operated by the company in a westerly direction on the same street, which car Mrs. Maguire was waiting to enter, and that as a result of the concurring negligence of Doughty and the defendant company, a collision resulted between the Doughty car and the trolley car, in consequence of which the automobile of Doughty inflicted fatal injuries upon Mrs. Maguire. It was averred that Doughty's negligence consisted of operating his car at a dangerous speed, of not having it under control, of violating the laws regulating the speed and control of motor vehicles at crossings, and of failing to give Mrs. Maguire any warning of his approach. It was averred also that the company was negligent in not having its trolley car under proper control, in proceeding west-

ward on Chestnut Street "when that street by ordinance of council is designated as a one-way street for eastbound traffic," and in failing to give proper notice to pedestrians or motor vehicles that trolley cars were being operated in a westerly direction on Chestnut Street.

A sci. fa. was issued making the City of Philadelphia an additional defendant, but by agreement of counsel the action against the City was discontinued.

At the trial the defendant company offered no evidence, but presented a point for binding instructions. The court directed a verdict in its favor and the jury returned a verdict in favor of the plaintiff against Doughty's Administrator in the amount of $10,000. Motions for judgment n. o. v. and for a new trial were filed by Doughty. On April 30, 1936, the company entered judgment on the directed verdict in its favor before the testimony had been transcribed and filed. After the testimony was transcribed, Doughty filed additional reasons in support of his motion for a new trial, alleging, inter alia, error on the part of the trial judge in giving binding instructions for the defendant company.

On July 17, 1936, the court below overruled the motion for judgment n. o. v., but granted the motion for a new trial without then filing an opinion giving the reasons therefor. Later the court stated that the reason for granting a new trial was because of error on the part of the trial judge in his instructions on the measure of damages.

On September 22, 1936, the court, following argument on defendant company's "petition to clarify," ordered that the new trial award should apply only as between the plaintiff and the defendant Doughty, at the same time ruling that the judgment entered on the directed verdict for the company should stand. The time limit for filing an appeal from this judgment having expired, the defendant Doughty then petitioned to have the judgment stricken off and re-entered as of September 22, 1936. This was granted, and it is from the judgment entered on the directed verdict in favor of defendant

company that defendant Doughty has taken the appeal now before us.

In passing upon this appeal the only question before us is whether or not there was any evidence to go to the jury in support of the allegation that the defendant company was negligent and that its negligence contributed to the death of Mrs. Maguire.

At the trial it was agreed by all the attorneys that the "company had the legal right to maintain and use double tracks for the passage of its trolley cars on Chestnut Street at the location of this accident and otherwise on Chestnut Street, for the purpose of transportation of passengers, and otherwise. This being in pursuance of the Charter right granted to its subsidiary company and conferred upon it by various agreements."

Attorney for defendant Doughty offered to prove that Route No. 34 trolley, which was the trolley that Catherine Maguire was about to board at the time she was killed, was usually operated on Market Street but on this night was operated westward on Chestnut Street from Twenty-Third Street, that there was available a route on Walnut Street to Woodland Avenue, and that there was no notice by way of signs, barricades or lights or other warnings posted on Chestnut Street to notify motorists that trolleys would run west. This testimony was excluded by the trial judge. The court below, in passing upon this question of right, correctly held that "the fact alone that the defendant company operated its trolley car westward on Chestnut Street could not be taken to mean that it was the proximate cause of the accident." Since the company had a right to operate its trolley car westward on Chestnut Street there was no obligation on its part to warn motorists or others that it was so operating its car at the time and place in question. Its act in doing so did not amount to want of care under the circumstances.

The court below correctly held: "There was ample evidence upon which the jury could find that William J.

Doughty was guilty of an act of negligence which was the proximate cause of the death of Catherine Maguire and that she was free of contributory negligence." Mrs. Maguire had left the pavement at the northeast corner of 32nd Street and Chestnut Street and had walked out into Chestnut Street to board the trolley car which was standing still at the intersection with its lights on. Defendant Doughty in his automobile coming eastward on Chestnut Street struck and killed Mrs. Maguire when she was but a few feet away from the step of the trolley car. The lighted trolley car was in full view of Doughty and if he had been using reasonable care he could have stopped his car before it crashed into Mrs. Maguire. Even if the company had been negligent in running its car westward on Chestnut Street without giving notice of that fact, Doughty's negligence would, under the facts here present, still be the sole proximate cause of Mrs. Maguire's fatal injuries.

In *Hoffman v. McKeesport,* 303 Pa. 548, 154 A. 925, this court held that if a party does an act which might naturally produce an injury to another, but, before any such injury results, a third person does some act or omits to perform some act which it was his duty to perform, and this act or omission of such third person is the immediate cause of an injury which would not have occurred but for his negligence, the third person is responsible for the injury and not the party guilty of the first negligence; for the causal connection between the first act of negligence and the injury is broken by the intervention of the act or omission of the third party.

Appellant cites the case of *O'Malley v. Laurel Line Bus Co.,* 311 Pa. 251, 166 A. 868, in support of his proposition that the defendant company was negligent and that its negligence was a concurring cause of Mrs. Maguire's injuries. In that case plaintiff was riding in a bus and "the night was so dark and stormy that plaintiff and the other passengers could not, by looking

through its windows, determine the location of the bus at any given time, but the motorman had a windshield wiper in operation which enabled him, by the aid of the headlights, to see not only where the bus was in relation to the sidewalk, but also to locate the intersecting streets where it was expected to stop to receive and discharge passengers." The bus stopped 250 feet from the place where the motorman had promised to let plaintiff off and instead of being at the right-hand side of the street, as it should have been, it was in the center thereof, and instead of being at the curb where the motorman admitted it usually was when passengers were to be discharged, it was 16 feet therefrom. "The motorman did not advise plaintiff of either of these facts, nor, owing to the character of the night and the location of the bus, did plaintiff know of either of them." As plaintiff stepped off the bus he was struck and injured by an automobile traveling in a direction opposite to that of the bus. It was held that the bus company was concurrently negligent with the driver of the automobile. The kernel of that decision was that plaintiff was discharged at an "obviously perilous point." In the case at bar there was no proof that the company's street car stopped for passengers to board it at an "obviously perilous point." In the *O'Malley* case what actually happened to the passenger alighting at a "perilous point" was reasonably foreseeable by the motorman of the bus and therefore should have been guarded against by him. In the instant case what happened to Mrs. Maguire was not reasonably foreseeable by the defendant company, its officers or agents, and the company cannot be held to be negligent in not guarding against something it had no grounds for anticipating.

Under the circumstances of this case Doughty, one of the two original defendants, has no grounds to complain of error on the part of the trial court in giving binding instructions in favor of the other original defendant.

The judgment is affirmed.