Venorick *v.* Revetta, Appellant, et al.

Argued April 20, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, KENWORTHEY, and RENO, JJ. (HIRT, J., absent).

*W. Brown Higbee*, of *Higbee, Lewellyn & Higbee*, for appellant.

*Thomas A. Waggoner, Jr.*, with him *E. J. McDaniel*, for appellee.

OPINION BY KENWORTHEY, J., July 16, 1943:

This action against Revetta and Pendleton is to recover damages for personal injuries sustained by plaintiff when an automobile driven by Pendleton struck and wedged her against the rear of Revetta's truck which was parked on the highway in violation of Section 1019 of the Vehicle Code.[1] Verdict and judgment were entered against both. Revetta alone appeals from the refusal of his motion for judgment n.o.v.

The principal question is whether the illegal parking of the truck was, in law, a concurrent cause of the accident or whether Pendleton's negligence was the sole proximate cause.

The accident happened in broad daylight about three-thirty P. M. on February 7, 1940. Revetta operated a meat and grocery business, serving a number of customers by truck. His regular route included the village of Little Cleveland where plaintiff lived. The truck was parked on the right-hand side of the highway with the right wheels off the paved portion near the home of plaintiff who, with other customers, had come out to the truck. When she was struck, plaintiff had just made her purchase and was standing with her back towards traffic approaching the truck from the rear. We as-

---

[1] "..... Provided, In no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon. ......" Act of 1929, May 1, P. L. 905 as amended, 75 PS §611.

sume, because it is not controverted, that the truck was parked in violation of Section 1019. The exact position of the truck was not described. The paved portion of the highway together with the shoulder allowed twenty-one feet four inches and the truck was five feet six inches wide. There was probably almost the fifteen feet of clear space required by the act.

Pendleton saw the truck when he was about 300 feet away from it; he was travelling 20 to 25 miles per hour; and without reducing his speed, he attempted to pass it. He pulled slightly to his left when he was "fifteen to twenty yards back" and seeing a vehicle approaching in the opposite direction and realizing it would be impossible to pass the truck without colliding with it he turned back to his right and applied his brakes. Because of the slippery condition of the highway his brakes did not hold; he skidded and ran into plaintiff and the truck.

Cases in which illegally parked vehicles have figured in highway accidents have quite frequently appeared in the decisions of our appellate courts. The Supreme Court has so clearly stated the governing test of proximate cause that we are freed of the responsibility of seeking it and of critically scrutinizing it. It is thus stated in *Kline v. Moyer and Albert,* 325 Pa. 357, 364, 191 A. 43: "Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause." In that case, Mr. Justice STERN stated the question to be (p. 364) : "Did Moyer, approaching the rear of Albert's truck, see it when, with careful operation of his car, he still could have prevented the accident, but instead negligently drove on and swerved around the truck with-

out first ascertaining whether there was on-coming traffic immediately confronting him, or had the negligence of Moyer already at that time brought his car into a position which, by reason of its speed or otherwise, made the accident unavoidable?"

The facts in the first part of the question are almost identical with those of the present case and the judgment must be reversed. We think the evidence conclusively indicates Pendleton became aware of the potential danger created by the parked truck within ample time to have avoided the accident by the exercise of due care and that thereafter he committed an independent act of negligence. See *Ashworth v. Hannum et al.,* 347 Pa. 393, 32 A. (2d) 407.

This likewise disposes of the contention that Revetta failed to take reasonable precautions to warn customers in the vicinity of the truck of approaching traffic. Even if the duty existed, Pendleton's conscious conduct was a superseding cause. *Pilvelis v. Plains Twp.,* 140 Pa. Superior Ct. 561, 567, 568, 14 A. (2d) 557.

Judgment is reversed and entered for defendant, Russell Revetta.