## Ashworth *v.* Hannum, Appellant et al.

Argued May 11, 1943. Before Drew, Linn, Stern, Patterson, Parker and Stearne, JJ.

*R. T. Mutzabaugh,* with him *F. M. Nash,* of *Nash & Mutzabaugh,* for appellant.

*W. D. Gallup,* with him *F. D. Gallup* and *E. G. Potter,* of *Gallup, Potter & Gallup,* for appellee, Adolph Swanson.

*F. J. Woods,* for appellee, Harry G. Ashworth.

Opinion by Mr. Justice Drew, May 24, 1943:

This action of trespass was brought by Harry G. Ashworth, plaintiff, against O. S. Hannum, Wade Cochran, and Adolph Swanson, defendants, to recover damages for personal injuries alleged to have been caused by their negligence. The case was submitted to a jury and verdicts returned in favor of plaintiff against Hannum and Swanson; Cochran was absolved. Hannum and Swanson then made motions for a new trial and judgment n. o. v. The learned court below granted Swanson's motion for judgment n. o. v., and refused that of Hannum. The latter's motion for a new trial, however, was granted because of certain fundamental errors in the oral charge concerning the measure of damages. Hannum alone ap-

pealed, assigning as error the granting of Swanson's and the refusal of his own motion for judgment n. o. v.

In determining whether or not judgment n. o. v. should be entered, plaintiff is entitled to have the evidence supporting his verdict considered and all the rest rejected: *Sorrentino* v. *Graziano,* 341 Pa. 113, 114. When we examine the testimony adduced at the trial in this light, we find that on the morning of February 10, 1940, plaintiff was riding as a guest passenger in Hannum's automobile which was proceeding in a westerly direction on Route 6 and 219, the improved portion of which is eighteen feet wide. There were snow banks, averaging approximately a foot in height, on each side of the highway about one foot from its edges, and the road itself was slushy and, in spots, slippery. As the Hannum automobile rounded a curve and entered upon a straight stretch of road, which was about 1500 feet long, a coal truck of Cochran was coming around the curve at the other end of the straightaway. At that very time, a truck of Swanson was parked on the north side of the highway some 500 to 700 feet from the curve around which Hannum was moving at a speed of about 45 miles per hour. At the same time the Cochran truck was approaching from the opposite direction at a fast rate of speed. Without reducing his speed Hannum drove until he was about 20 to 25 feet from the parked truck, swung to his left side of the road and started to pass it without a warning of his intention to either plaintiff or Cochran. After passing the truck he then attempted to swing sharply to his right to avoid the oncoming Cochran truck, but his automobile went into a skid, with only its front wheels gaining the right hand side of the highway, and crashed into the Cochran truck. Plaintiff testified that Hannum gave no indication of his intention to pass the parked truck, and, since the collision was almost instantaneous after he turned out, there was no time to protest.

Hannum now contends that judgment n. o. v. should have been granted on the ground that plaintiff was contributorily negligent as a matter of law. There is nothing in this. When Hannum's automobile entered the straightaway, plaintiff could not possibly have anticipated the peril that was then imminent. The parked truck and the approaching truck were plainly visible, and there was every reason to believe that Hannum would so control the speed of his car that the Cochran truck would pass the parked truck and the Hannum car before Hannum would attempt to pass the parked truck. The utterly reckless driving of Hannum could not have been anticipated, and it was the sole cause of the accident. Although a guest passenger must exercise reasonable prudence for his own safety (*Dunlap* v. *Phila. R. T. Co.*, 248 Pa. 130), the degree of care required of him is not as high as that of the driver: *Janeway* v. *Lafferty Bros.*, 323 Pa. 324, 330; *Joseph* v. *Pitts. & W. V. Ry.*, 294 Pa. 315, 319; *Azinger* v. *Pa. R. R. Co.*, 262 Pa. 242, 249. Under the circumstances, and in the emergency, plaintiff did all that was required of him by sitting still and remaining silent, for interference on his part, either by word or act, would not only have been useless, but might have tended to increase the danger: *Janeway* v. *Lafferty Bros.*, supra, at p. 330; *Vocca* v. *Penna. R. R. Co.*, 259 Pa. 42, 45. We agree with the court below that nothing plaintiff could have said or done would have been likely to prevent the accident after the danger arose and that the case was, therefore, one for the jury.

The failure of plaintiff to appeal from the granting of Swanson's motion for judgment n. o. v. does not bar appellant's right to appeal: *Schwartz* v. *Jaffe*, 324 Pa. 324, 331. What we said in that case is peculiarly apposite to the instant situation (p. 331): "As the question to be decided where a plaintiff sues more than one defendant is the liability to the plaintiff of one or more of the defendants, they should be put on equal terms concerning that liability, and the one on whom the court

below places such liability, should be permitted to object to the release of his co-defendant and to follow that objection to this Court, if necessary. The question is basic and a co-defendant may appeal from an order releasing a defendant from liability on a general exception."

In considering Swanson's position we must, inasmuch as the jury returned a verdict in plaintiff's favor against him, view the evidence and all the inferences to be drawn therefrom in the light most favorable to plaintiff. Swanson, having parked his truck on the travelled portion of the highway in violation of the mandatory provisions of Section 1019 (a) of the Act of May 1, 1929, P. L. 905, known as The Vehicle Code, as amended by Section 4 of the Act of June 5, 1937, P. L. 1718, was guilty of negligence per se: *Jinks* v. *Currie,* 324 Pa. 532, 537. However, appellant's contention that such negligence was a proximate cause of the accident which thereafter happened is without merit. The record in the instant case shows that from the time appellant came around the curve into the straightaway of the highway, the Swanson and Cochran trucks were in full view of both appellant and plaintiff. The distance from the curve around which appellant came where he first saw or should have seen Swanson's parked truck and the point at which it was parked was definitely established to be at least 500 feet. There was nothing to obstruct the view of either appellant or plaintiff during the entire time they were travelling this distance. There was ample time in which appellant could have stopped his automobile or taken other steps to avoid the oncoming danger. Instead, he, after being cognizant of the potentially dangerous situation that might arise, continued onward and attempted to pass the parked truck in the face of the rapidly approaching Cochran truck. As we said in *Kline* v. *Moyer and Albert,* 325 Pa. 357, 364: "Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tortfeasor, and thereafter, by an independent act of negligence, brings about

an accident, the first tortfeasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause." Thus, Swanson's negligence in parking the truck as he did was superseded by appellant's negligent and unforseeable conduct and made a remote cause of the accident: *Dooley* v. *Charleroi Boro.*, 328 Pa. 57; *Schwartz* v. *Jaffe,* supra, at p. 332; *Stone* v. *Philadelphia,* 302 Pa. 340, 346.

Judgment and order affirmed.