Phillips, Appellant, *v.* Cowden, Appellant.

Argued March 28, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*H. Gilmore Schmidt,* with him *John M. Reed, Earl F. Reed, J. Roland Johnston, Earl F. Reed, Jr.* and *Thorp, Reed & Armstrong,* for defendant John R. Cowden, appellant.

*George I. Bloom,* with him *George B. Stegenga* and *Bloom, Bloom & Yard,* for plaintiff, appellant.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 22, 1952:

This is an action in trespass for personal injuries in which the jury rendered a verdict for $100,000.00 against both defendants. Defendant Latham accepted the jury's verdict; defendant Cowden filed motions for new trial and judgment n.o.v. The court below granted a new trial against both defendants and refused judgment n.o.v. Plaintiff appeals from the grant of a new

trial, and defendant Cowden appeals from the refusal of judgment n.o.v. In this situation we are required first to decide whether defendant's motion for a new trial was properly granted. If so, we have no occasion to consider his motion for judgment n.o.v. See *Beal v. Reading Company*, 370 Pa. 45, 87 A. 2d 214.

The accident out of which this suit arose occurred about 6:30 a.m. on February 21, 1949, on Route 980, approximately three and one-half miles north of McDonald, Pennsylvania. Plaintiff was riding in the front seat of an automobile owned and operated by defendant Latham as they were travelling toward their common place of employment. Plaintiff testified that Latham was driving at about forty-five miles per hour. The road was dry; the weather was clear; and it is stipulated that the sun rose at six minutes after seven. As they rounded a slight curve and proceeded along a straight stretch of the highway, plaintiff noticed a ball of smoke on the right hand side of the road about three or four hundred feet away. Plaintiff testified that he told Latham, "Look out, you had better stop," but Latham denies that any such warning was given. The car continued into the smoke at somewhat reduced speed and crashed into the rear of a standing truck owned by defendant Cowden. There is a conflict in the testimony describing the location of this truck; it was either entirely on the concrete road or partly on the concrete and partly on the berm. Whether or not the lights of the truck were lit is also in dispute, but it is admitted that no flares were placed on the road. Defendant's driver explained the presence of the truck by saying that he noticed a light underneath the floor boards of the truck and smelled smoke; that he immediately brought his truck to a stop, grabbed a fire extinguisher, got underneath the truck and just succeeded in extinguishing a fire around the emergency brake

when the Latham car crashed into the truck. Latham testified that at the time of the accident it was so dark that he needed his bright lights and that as he approached the smoke he was momentarily blinded by the lights of a car coming in the opposite direction. Plaintiff had testified that it was bright enough to drive without headlights; the established facts relating to weather conditions and the hour of sunrise would tend to corroborate the plaintiff's testimony on this point.

. This conflicting testimony raised two separate questions for determination by a jury: (1) Under all the circumstances of the case, was it negligence for the employe of defendant Cowden to have his truck situated where it was at the time Latham's car struck it, and (2) If so, was this negligence a proximate cause of plaintiff's injuries or was there an intervening act of negligence by defendant Latham which was the sole proximate cause of the accident and insulated Cowden from liability for his employe's negligence? In a number of strikingly similar cases we have decided that both of these issues should be determined by a jury unless the facts are undisputed: *Harkins v. Somerset Bus Co.*, 308 Pa. 109, 162 A. 163; *Kline v. Moyer and Albert*, 325 Pa. 357, 191 A. 43; *Biehl v. Rafferty*, 349 Pa. 493, 37 A. 2d 729; *St. John v. Kepler*, 360 Pa. 528, 61 A. 2d 875.

In explaining his reasons for directing that these issues be submitted to another jury, the learned trial judge said, *inter alia*: "The great weight of the evidence points to the conclusion that the driver of the Cowden truck was not negligent, that there was such an emergency as created an immediate necessity for stopping. Although the disability of the truck was not absolute, the circumstances warranted an immediate stop. The time the truck was stopped was very short. The purpose was a proper one. The smoke and steam were

clearly visible to drivers of approaching vehicles and were a more obvious warning than any flags or lights required by the Motor Vehicle Code. . . .

"We also think that in any future trial, under the peculiar circumstances if the same are as developed in this case, serious consideration must be given to the question of proximate cause."

As we said in *Beal v. Reading Company*, supra: "Where the *reason assigned* for the grant of a new trial involves the exercise of discretion, ordinarily the order of the trial court will not be interfered with, in the absence of palpable abuse of power." Our study of the record in this case convinces us that there was no palpable abuse of power; the trial court acted within the limits of its discretion in finding the verdict against the weight of the evidence.

The orders are affirmed. Each party to pay his own costs.

———

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

The trial in this case began on February 15, 1951, and terminated on February 27, 1951. Some thirty witnesses testified, the printed record runs to 632 pages, a veritable book. Able counsel tried the cause and the trial was presided over by a distinguished, experienced and learned judge. I see no reason why this long and expensive trial should be repeated. Plaintiff's counsel at the oral argument agreed to take a reduction in the verdict. I believe that the ends of justice would be served if the plaintiff's offer were acted upon, the verdict reduced to an amount consonant with the extent of the disabilities suffered by the plaintiff, and the judgment affirmed.