## Jeloszewski *v.* Sloan, Appellant.

Argued October 2, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Wray G. Zelt, Jr.,* for original defendant, appellant.

*Francis H. Patrono,* with him *McCloskey, Patrono & McCloskey,* for additional defendant, appellant.

*Paul N. Barna,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 17, 1953:

This action arose out of an accident involving two collisions which occurred on the highway between Donora and Charleroi, Washington County, on March 14, 1951, at about 8:30 o'clock p.m. The verdict of the jury was in favor of both the original and the additional defendant but the court granted plaintiff's motion for a new trial. From that order each of the defendants now appeals.

The weather at the time and place in question was extremely bad; rain was falling mixed with snow and sleet, making the road slippery and slushy with scattered patches of ice beginning to form. The concrete road, a two-lane highway, was 18 feet in width with a two foot black-top berm on either side. The additional defendant, Charles A. Swartz, was proceeding

in a southerly direction toward Charleroi; as he ascended a hill he found a number of automobiles stalled on the road ahead of him due to the slippery and icy condition of the highway. He attempted to pass them but in so doing swung too far to the left and partly onto the berm, with the result that, as the front of his car came on a line with the front of the foremost of the stalled cars, his car also became stalled and he was unable to move either forward or backward. He testified that although he could see a distance ahead of him of 400 feet he saw nothing approaching until the oncoming car of Jeloszewski was 250 feet away.

Plaintiff, John Jeloszewski, was driving his automobile in a northerly direction toward Donora. There were three passengers in his car; one, a Mrs. Radabaugh, seated beside him, and the two others in the rear seat. Coming over the crest of the hill and proceeding down-grade, he testified that it was not until he was within about 150 feet that he observed the headlights of the Swartz car in the path ahead of him and those of the foremost of the stalled cars in the other lane. Since the Swartz car and that other car were directly abreast of one another they blocked the entire width of the highway. Jeloszewski started to slow down from a previous speed of about 20 miles an hour and also to pump his brakes, fearing that if he put the brakes on with too steady a pressure his car, stopping suddenly, might skid on the wet surface of the road. Proceeding in this manner he gradually slowed down further to a speed of about 5 miles an hour, but when he came within a few feet of the Swartz car his car slid on a patch of ice and his bumper came into contact with that of the Swartz car, jarring the latter about 2 or 3 feet down the grade of the hill. The force of the impact was apparently slight, no damage was done to either car and no one suffered any injury.

Both the headlights and the tail lights of the Jeloszewski car remained burning.

After the happening of this accident there followed an interval variously estimated by witnesses as "10 to 15 seconds" or " a minute or so" or "a minute or two," when a second collision occurred. Defendant, Grant Sloan, proceeding down this same hill at a speed of approximately 30 miles an hour and being able to see with his lights, as he testified, some 300 feet ahead, nevertheless saw nothing in his pathway until he observed the Jeloszewski car 75 feet in front of him. He immediately began to pump his brakes, slowed down to 20 and finally 10 miles an hour, put his brakes on when within about 15 feet of the Jeloszewski car, but all to no avail for from that point he slid or skidded into that car. The contact was extremely violent, some of the witnesses describing it as a "terrific crash." Jeloszewski's car was damaged, he himself was injured, and Mrs. Radabaugh was thrown bodily out and sustained more or less severe injuries.

Jeloszewski brought suit for damages against Sloan and the latter brought in Swartz as an additional defendant. Mrs. Radabaugh brought suit for damages against Sloan who brought in Swartz and Jeloszewski as additional defendants. The two cases were tried together. Mrs. Radabaugh obtained a verdict of $300.00 against all three defendants but the court, considering the amount inadequate, granted her a new trial. That case is not before us on appeal. In the Jeloszewski case, where the verdict was for the two defendants, the court likewise granted Jeloszewski a new trial, being apparently of opinion that, while defendants were negligent, Jeloszewski was not contributorily negligent, and therefore that the verdict was not justified by the evidence.

Considering, first, the collision between the Swartz and Jeloszewski cars, the jury might well have found that Swartz was negligent in attempting to pass the stalled cars ahead of him while ascending a hill and with the weather and ground conditions such as they were. It might perhaps have found Jeloszewski also guilty of negligence, either in failing to see the Swartz car sooner than he did or in the manner in which he thereafter operated his car so that he was unable to stop it in time to avoid a collision. However, since his collision with the Swartz car was not sufficiently violent to cause any damage to either car or any injury to operators or passengers, no legal liability on the part of anyone resulted therefrom, since an action for negligence lies only, of course, if injury or damage is caused thereby.

Coming, then, to the second collision, what were the relative rights and liabilities of the three parties involved—Jeloszewski, Swartz and Sloan—with respect to *that* accident?

As far as Jeloszewski is concerned, it cannot be held that he was negligent in any manner that contributed to the *second* collision. If he had managed to stop his car say a foot or two before coming into contact with the Swartz car, he clearly would not have been guilty of any negligence whatever, and yet the second collision would have occurred just the same in that event as it did occur with the bumpers of his car and the Swartz car in contact with one another. The blocking of the road in the pathway of the Sloan car was due to the original negligence of Swartz, and the Jeloszewski car added nothing to that blockage in any way that facilitated the happening of the ensuing accident. In short, whatever the negligence of Jeloszewski in connection with the *first* collision it was not a contributing factor in the happening of the *second*

collision in which all the injuries and damage occurred, and therefore he is entitled not only to recover in the action in which he is plaintiff, if he establishes therein the negligence of either or both of the defendants, but also to be relieved of liability in the action instituted by Mrs. Radabaugh.

Jeloszewski being thus absolved, the next and final question in the case resolves itself into one concerning the respective liabilities of Sloan and Swartz for the happening of the second accident. There have been numerous decisions of this Court respecting situations such as the one here presented, namely, that of a moving vehicle colliding with a parked or stalled vehicle in the path ahead of it. The problem is one of proximate cause,—whether an admittedly illegal or negligent stationing of a vehicle on a highway visits liability upon its operator if it is run into by the subsequent negligence of the operator of another vehicle.

In *Kline v. Moyer and Albert,* 325 Pa. 357, 191 A. 43, the rule determining the insulation of an original act of negligence by a subsequent intervening act of negligence on the part of another tortfeasor was stated (p. 364, A. p. 46) as follows: "Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause. Where, however, the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tort-feasors are contributing causes and proximate factors in the happening of the accident and impose liability upon both of the guilty

parties." This doctrine was but a formulation of the principles expressed in such previous cases as *Stone v. Philadelphia*, 302 Pa. 340, 153 A. 550; *Hoffman v. McKeesport*, 303 Pa. 548, 154 A. 925; *Schwartz v. Jaffe*, 324 Pa. 324, 188 A. 295, and since many times reaffirmed, as, for example, in *Dooley v. Charleroi Borough*, 328 Pa. 57, 195 A. 6; *Ashworth v. Hannum*, 347 Pa. 393, 32 A. 2d 407; *Johnson, Admr. v. Angretti*, 364 Pa. 602, 606, 607, 73 A. 2d 666, 668, 669; *Pilvelis v. Plains Township*, 140 Pa. Superior Ct. 561, 14 A. 2d 557; *Venorick v. Revetta*, 152 Pa. Superior Ct. 455, 33 A. 2d 655. Concretely applied to the present case it means this,—that if Sloan, upon seeing the obstruction ahead of him and being thus apprised of the danger, could have avoided the accident, but instead was thereafter guilty of such negligent operation of his car as thereby to bring about a collision, such negligence on his part would have been the primary, active, efficient and proximate cause of the accident, thereby reducing the original negligence of Swartz to a noncausal factor divested of legal liability and breaking, as to him, the chain of causation. This is because the mere concurrence of one's negligence with the proximate and efficient cause of an accident will not create liability: *Thubron v. Dravo Contracting Co.*, 238 Pa. 443, 445, 86 A. 292, 293; *Stone v. Philadelphia*, 302 Pa. 340, 345, 153 A. 550, 552. But if Sloan, through inattention to the pathway ahead of him or for any other reason, was negligent in failing to see the stalled cars until such time that the collision, even with careful operation of his car thereafter, could not have been averted, such negligence on his part would not relieve Swartz from liability, for the latter's original act of negligence would then remain as an equally contributing and proximate cause of the accident. (Cf. Restatement, Torts, section 447.)

The questions, then to be determined by the jury on the retrial of this case, are these: Was Swartz negligent in attempting to pass the stalled cars ahead of him while ascending a hill and with the weather and ground conditions such as they were? Was Sloan negligent in failing to observe the blockage in the path ahead of him sooner than he did? When he did observe it, was it then too late, even by careful and proper operation of his car, to avert the accident? Or did he, although then apprised of the peril ahead of him, nevertheless, by subsequent negligent operation of his car, bring about the collision which, by careful and proper operation, he could still have avoided? The answers to these questions will determine the respective liabilities of Swartz and Sloan and therefore whether Jeloszewski (and Mrs. Radabaugh in her action) may recover against either or both of them.

Except where the facts are undisputed, questions of proximate cause and intervening agency are for the jury: *Kline v. Moyer and Albert,* 325 Pa. 357, 365, 191 A. 43, 47; *Martin v. Arnold,* 366 Pa. 128, 133, 77 A. 2d 99, 102; *Phillips v. Cowden,* 370 Pa. 288, 291, 88 A. 2d 404, 405; *Coleman v. Dahl,* 371 Pa. 639, 645, 92 A. 2d 678, 681.

The order granting a new trial is affirmed.

---

DISSENTING OPINION BY MR. JUSTICE BELL:

It is doubtful whether Swartz or Sloan was guilty of negligence; if either or both were, it is obvious that Jeloszewski, in spite of all his fine spun theories, must have been guilty of contributory negligence. In any event it is clear that Jeloszewski utterly and completely failed to prove that the negligence of Swartz, if any existed, was the proximate cause of Jeloszewski's accident.

Plaintiff must prove by a fair preponderance of the evidence that each defendant was negligent, and that his negligence was the proximate cause of the accident: *Thompson v. Gorman*, 366 Pa. 242, 77 A. 2d 413. In my judgment, he failed to sustain his burden of proof. However, at best for Jeloszewski, and giving him what he is not entitled to, viz., the benefit of any doubts on the question of defendants' negligence and his contributory negligence—this would merely serve to take the case to the jury; and the jury found a verdict in favor of both defendants.

This was just an unavoidable accident and the jury so found. What is the use of having jury trials if, on simple issues of fact such as these, their verdict can be set aside without the slightest legal justification? Plaintiff's case, at best for him, was based upon flimsy evidence and imaginative theories and gave to jury and Court alike nothing but a guess as to whether Sloan was guilty of negligence and plaintiff was guilty of contributory negligence.

I cannot understand how a Court can justifiably say that the verdict was unjust, or was contrary to the weight of the evidence. The grant of a new trial should be reversed because it was a clear abuse of discretion. Cf. *Decker v. Kulesza*, 369 Pa. 259, 264, 85 A. 2d 413.