250 F.2d 879
 John Richard HUMPHREY, Plaintiff,
v.
Frank W. LOVEJOY, Defendant and Third Party Plaintiff (Thomas Lahey and Emery Transportation Company, Third Party Defendant, Emery Transportation Company, a Corporation, Appellant).
Joanne Collins LOVEJOY, Plaintiff,
v.
EMERY TRANSPORTATION COMPANY, a Corporation, Defendant and Third Party Plaintiff, and John Humphrey, Defendant (Frank W. Lovejoy, Third Party Defendant, Emery Transportation Company, a Corporation, Appellant).
John Richard HUMPHREY, Plaintiff,
v.
EMERY TRANSPORTATION COMPANY, a Corporation, Defendant and Third Party Plaintiff, Appellant (Frank W. Lovejoy, Third Party Defendant).
 Nos. 12271-12273.
 United States Court of Appeals Third Circuit.
 Argued November 21, 1957.
 Decided January 3, 1957.
 
 Randall J. McConnell, Jr., Pittsburgh, Pa. (Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., on the brief), for Emery Transp. Co.
 Morris M. Berger, Pittsburgh, Pa. (Berger & Berger, Pittsburgh, Pa., on the brief), for appellees.
 Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 On special interrogatories the jury found that the concurrent negligence of Lahey and Lovejoy was the proximate cause of the accident in which Humphrey and Joanne Collins, later Mrs. Lovejoy, sustained substantial injuries. The jury also determined that Humphrey did not assume a known risk of injury and that he was not guilty of contributory negligence and that Lahey was in the employ of Emery Transportation Company (Emery), the appellant here, and that he was acting in the scope of his employment at the time of the accident, while Humphrey was not. It is the contention of Emery that an independent act of negligence on the part of Lovejoy was a superseding cause of the accident, thereby insulating Emery from liability. Jurisdiction in the suit was based on diversity and an amount in controversy exceeding $3,000. All the operative facts took place in Pennsylvania and the law of Pennsylvania governs.
 
 
 2
 The law of Pennsylvania in respect to superseding cause is clear and is stated in Jeloszewski v. Sloan, 1953, 375 Pa. 360, 100 A.2d 480, 482, quoting with approval from Kline v. Moyer, 1937, 325 Pa. 357, 364, 191 A. 43, 46, 111 A.L.R. 406, as follows: "`Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause. Where, however, the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tort-feasors are contributing causes and proximate factors in the happening of the accident and impose liability upon both of the guilty parties.'"
 
 
 3
 The principle stated is dispositive of the instant appeals and accordingly the judgments will be affirmed.