## Baran, Appellant, *v.* Kalczynski.

Argued January 25, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*A. A. Vosburg,* of *Vosburg & Vosburg,* with him *Wm. B. Landis,* for appellant.

*Walter L. Hill,* of *O'Malley, Hill, Harris & Harris,* for appellee.

OPINION BY MR. JUSTICE BARNES, March 21, 1938:

On October 13, 1935, about 8:30 o'clock in the evening, the defendant stopped his motor truck at a point on Scott Road in Blakeley Borough, Lackawanna County, so that three young ladies, one of whom was the minor plaintiff, might enter the truck from the rear thereof. The defendant had invited them to ride with him to a dance in Montdale.

At the point where the truck stopped the road is sixteen feet wide with a dirt and gravel shoulder nine to ten feet in width, affording sufficient space for the truck to have pulled completely off the highway. Defendant, however, brought the truck to a stop in a position where it was partly on and partly off the roadway. It appears that at this time the eighteen-inch tail board of the truck was hanging down, which caused the rear light of the truck to be obscured.

As the plaintiff was being assisted into the rear of the truck by one of the persons accompanying the defend-

ant, a Ford coach, proceeding along Scott Road in the same direction, collided with the left rear of the truck, crushing the minor plaintiff between the two vehicles, and inflicting serious injuries upon her.

There were two street lights close to the scene of the accident, both lighted at the time, and of an intensity of forty candle power, one being about twenty-five feet in front of the truck, and the other about one hundred feet to the rear. It therefore seems that there was reasonable illumination of the place at which the collision occurred.

The learned trial judge entered a compulsory nonsuit on the ground that the plaintiff was guilty of contributory negligence. The plaintiff has appealed from the order of the court below refusing to take off the nonsuit.

The single question involved is whether the evidence justified the court below in holding that plaintiff was guilty of contributory negligence as a matter of law. The defendant invited the minor plaintiff to board his truck, which as we have seen was stopped after dark, partly upon a public highway, with its tail board in such position that its rear light, even if lighted, was hidden from approaching traffic.

This evidence alone was sufficient to require the submission of the case to the jury. It is negligence to park or stop a vehicle upon a public highway after dark without lights. In *Cormican v. Menke,* 306 Pa. 156, 161, it is said: "The negligence of the co-defendant Miller Quaker City Trucking Company was established to the satisfaction of the jury by the testimony of Menke that there were no lights burning on the rear of the truck at the time of the collision. Such failure to provide a light on the rear of the vehicle was negligence." See *Gaber v. Weinberg,* 324 Pa. 385, and cases therein cited; also *Bayuk Bros., Inc., v. Wilson Martin Co.,* 81 Pa. Superior Ct. 195. Nor is it material that only a portion of the truck extended into the highway or that the stopping was only temporary. The hazard arises from the

presence of the unlighted vehicle in the highway in violation of the Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of July 16, 1935, P. L. 1056, Section 14(h), not the length of time that it menaces traffic: *Rocco v. Tillia*, 106 Pa. Superior Ct. 597; *Meads v. Rutter*, 122 Pa. Superior Ct. 64.

A review of the record does not disclose conduct on the part of plaintiff which convicts her of negligence as a matter of law. Whether her failure to observe that the rear light was obscured, and to realize the peril thereby created, was such negligence on her part as to defeat her right of recovery, was a question for the jury.

The judgment of the court below is reversed, and a venire facias de novo is awarded.