Klena *v.* Rutkowski (et al., Appellants).

510

Argued October 9, 1968.   Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Arthur G. Stein,* with him *Daniel B. Winters,* and *Stein & Winters,* for appellant.

*Earl J. Cavanaugh,* with him *Evans, Ivory & Evans,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 27, 1968:

This is an appeal from the judgment of the Court of Common Pleas of Allegheny County entered on a jury verdict in favor of the plaintiff and against both defendants. The facts are set forth in the opinion of the court below:

"The case arose from a highway accident on November 25, 1965. The plaintiff, Albert Klena, was operating a truck rented by his employer from Massey Rental Company. The truck was furnished by Massey without flares, flashers and flags, as is required by law. Also, it did not have a cap on the gasoline tank. The only cover was a rag stuffed in the opening to the tank.

"While negotiating the dips and curves of McNeilly Road, the truck's motor failed on an uphill portion of the busy thorofare. The vehicle came to a stop blocking one lane of traffic. McNeilly Road is a heavily travelled two lane roadway in the South Hills section of Pittsburgh. With darkness setting in and the traffic flow fast approaching its peak, the disabled truck created a hazardous condition. Since the vehicle was not equipped with the requisite emergency warning devices, the plaintiff switched on all of the auxiliary

lights which were operating. He then proceeded to direct traffic from the middle of the road with a red handkerchief. There was only one lane available to moving vehicles at the point where the truck was stopped and the plaintiff alternated the two lanes of traffic by and around the truck.

"The defendant, Rutkowski, was operating his automobile in the downhill lane toward the disabled vehicle. The plaintiff observed the car and signalled for it to stop when it was approximately 100 feet away. The defendant's approaching auto began slowing down. As the plaintiff turned to signal the waiting cars around the truck, he was struck and seriously injured by the Rutkowski vehicle. Defendant, Rutkowski, testified that he saw the Massey truck when he was about 100 yards away, but he did not see the plaintiff until an instant before impact."

At the close of the evidence, Massey moved for a directed verdict, which motion was denied. The jury then brought in a verdict for the plaintiff against both defendants in the amount of $50,000. Appellant moved for judgment n.o.v., on the ground that as a matter of law, its negligence could not have been the proximate cause of appellee's injuries, because the intervening negligence of Rutkowski constituted a superseding cause. The court below denied the motion for judgment n.o.v.

We believe it erred in doing so. The court below and both parties on appeal agree that the controlling case is *Kline v. Moyer and Albert*, 325 Pa. 357, 191 Atl. 43 (1937). In that case Albert negligently parked his truck on the side of the highway. Moyer, approaching from the rear, swerved around to the left and struck Kline's car. Massey here is in the position Albert asserted in *Kline*. The *Kline* court discussed the situation at page 363: "[In the cases relied upon by Kline] the operator of the moving car, through negligence con-

sisting either of a lack of proper headlights on his own vehicle, or inattention to the pathway ahead of him, or operation at an excessive rate of speed, failed to see the standing truck and consequently was unable to get his car under control in time to avert the accident, whereas in [the cases relied upon by Albert] the accident was not due to a negligent failure of the driver to see the obstruction before being committed to a situation which made the accident inevitable, but was caused by an independent act of negligence in the operation of his car *after* he had become aware of the presence of the defect in the highway. It is clear that when an unlighted, parked truck is seen by the operator of an approaching vehicle, the fact of its being unlighted becomes *thereafter* of legal inconsequence, because the purpose of a light as warning has been otherwise accomplished. If already at that time, by the negligence of its driver, the moving vehicle is in such a position and under such impetus that an accident cannot be avoided, the negligence of the truck owner is as much a proximate cause of the accident as is the negligence of the driver of the car; the negligence of each has contributed to the result. But if, after seeing the unlighted truck, although he would still have been able to guide his car without accident, the driver proceeds in such negligent manner that an accident results, the original negligence of the truck owner has become a noncausal factor divested of legal significance; as to it the chain of causation is broken, and responsibility remains solely with the operator of the moving car. We would formulate the general principle as follows: Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a cir-

cumstance of the accident and not its proximate cause. Where, however, the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tortfeasors are contributing causes and proximate factors in the happening of the accident and impose liability upon both of the guilty parties." (Emphasis in original)

In *Kline,* the evidence was disputed as to whether Moyer could have prevented the accident when he first became aware of the potential danger. This Court there reversed the entry of judgment n.o.v., entered in favor of defendant Moyer. Here, however, the evidence is undisputed that Rutkowski, the second actor, was aware of the stopped truck, the result of the original tort-feasor's negligence, in plenty of time to stop. Although Rutkowski testified that he did not see the plaintiff until the moment of impact, the jury, by its verdict, obviously found that Rutkowski either did see plaintiff or should have seen him once he, Rutkowski, was apprised of the danger by seeing the stopped truck. When Rutkowski was apprised of the danger, the accident was not inevitable. Rutkowski's negligence occurred *after* he was aware of the danger, and thus became a superseding cause.

The judgment against Massey is reversed, and the case is remanded with instructions to enter a judgment n.o.v. in favor of Massey.

Mr. Justice MUSMANNO did not participate in the decision of this case.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent from the majority's opinion which has misconstrued the relevant factual context of this case and has misread the *Kline* opinion as controlling it.

I think that the facts must be briefly reemphasized. Since we have this case on appellant's claim that it was entitled to a judgment n.o.v., we must view the evidence in the light most favorable to appellee. E.g., *Glass v. Freeman*, 430 Pa. 21, 240 A. 2d 825 (1967). With this in mind, I find evidence from which the jury reasonably could have found that appellant leased a truck to appellee's employer which was negligently equipped with an improper gas tank cap, i.e., a rag, a defective gas guage, i.e., one that showed the tank one-fourth full when it contained no gas, and an inadequate emergency warning system, i.e., none. As a result of this, the truck, through no fault of appellee, ran out of gas, which not surprisingly caused it to stop moving in the middle of the road. To compensate for the absence of a warning system, appellee was forced to direct traffic from the middle of the road, and while there Rutkowski struck him.

The majority, citing *Kline,* finds it significant that Rutkowski testified that he was able to see the truck. That I find to be irrelevant. In *Kline,* the issue was whether the fact that the truck was poorly lighted caused "a negligent failure of the driver to see the obstruction before being committed to a situation which made the accident inevitable. . . ." Since the driver testified that he could see the truck, despite its inadequate lighting, it was clear that the absence of the lights did not cause the accident.

Here however the inadequate lights play an entirely different role in appellee's case. Appellee claims that *because there was no warning system* on the truck, he was *forced to stand in the road* and direct traffic. It is clear that appellee, as the operator of a disabled vehicle, had the duty of doing what "a reasonably prudent person would do under the circumstances to warn approaching traffic, at night, *by lights or otherwise,*

of the obstruction of the highway." *Gaber v. Weinberg,* 324 Pa. 385, 391, 188 Atl. 187 (1936) (emphasis added) ; see *St. John v. Kepler,* 360 Pa. 528, 61 A. 2d 875 (1948) ; *Simrell v. Eschenbach,* 303 Pa. 156, 154 Atl. 369 (1931). Here, deprived of the proper lights, appellee was remitted to the "or otherwise," and had no choice but to go into the road.

On these facts, I do not understand how the majority can conclude that a jury could not reasonably find proximate cause. Appellant was negligent in not equipping the truck with the proper warning system. Having failed to do this, it is entirely foreseeable that appellee, to protect both his, or more accurately appellant's, truck and other drivers, would be forced to stand in the road to alert traffic. What else could he do other than ignoring his duty to warn others?

The majority reasons that because Rutkowski was "apprised of the danger, the accident was not inevitable," so that Rutkowski's negligence was a superseding cause. But the majority discusses the wrong danger. Appellee was here put in danger by the absence of lights which thus required that he stand in the highway to warn not only Rutkowski, but also every other motorist, that the truck was disabled. It matters not that Rutkowski was able to see the truck; the absence of an adequate emergency warning system still required appellee to be in the road to help protect others who might not have appreciated the situation. Appellant's negligent failure to provide a proper warning system put appellee at the risk of a particular harm—having to stand in the middle of a busy road and direct traffic, in a position where he could be struck by a careless motorist. "Where the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about

through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct." Restatement (2d), Torts §442B (1965).

It is hard to imagine a case more squarely encompassed by the above Restatement provision than this one. The jury found for appellee on evidence which made it thoroughly proper for it to do so. I believe that verdict should stand.

Mr. Justice EAGEN joins in this dissent.