Churchill et al., Appellants, *v.* Eakin et al.

Argued April 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joseph M. Zoffer*, with him *Martino, Ferris & Zoffer*, for appellants.

*Daniel J. Weis*, with him *Weis and Weis*, for appellee, Eakin.

OPINION BY VAN DER VOORT, J., March 31, 1975:

On the evening of February 13, 1969, one Gladys Eakin was driving in a westerly direction on a secondary road. She stopped at the stop sign at an intersection with a main highway (Route 51 south of Pittsburgh). She looked right and left; to the left she saw traffic 800 feet down the highway. She then proceeded to negotiate a right turn into the north bound passing lane of Route 51, preparatory to making a prompt left turn from the highway. After she had traveled four car lengths on Route 51 she became aware of the vehicle of one Michael Polimeni bearing down on her in the same lane. The Polimeni car swerved into the slower curb lane, passing the Eakin car on its right, striking the latter and going out of control. Polimeni's car then veered into the curb, rebounded, crossed the highway, and came to rest in the south bound passing lane whereupon it was struck by the automobile of one Marvin Caldwell and his wife, traveling southwardly. Appellants herein were passengers in the Polimeni vehicle.

Litigation has been extensive, with suits having been brought by (1) the Caldwells against Eakin and Polimeni, (2) Polimeni against Eakin and Caldwell, with Eakin counter-claiming, and (3) the three appellant passengers of Polimeni against Eakin and Caldwell, with Eakin bringing in Polimeni as an additional defendant. Thus there were six plaintiffs, Polimeni assuming that posture in one case, as well as being defendant in Eakin's coun-

ter-claim and additional defendant in appellants' cause of action.

Trial was begun on Monday, May 15, 1972. Verdicts were rendered as follows: in appellants' cases against Eakin and Caldwell, wherein Polimeni is additional defendant, Polimeni "guilty", Eakin, "not guilty" and Caldwell "not guilty"; in the Caldwells' case against Eakin and Polimeni, Eakin "not guilty" and Polimeni "guilty"; in Polimeni's case against Eakin and Caldwell, each defendant "not guilty"; and in Eakin's counter-claim against Polimeni, defendant "guilty". Counsel did not wish the jury polled. The Court molded the verdict and the case of Caldwells as plaintiffs was severed for determination of damages. Appellants herein moved timely for new trial and judgment n.o.v., both of which were denied by an able opinion of Judges FIOK and FINKELHOR. Appellants appeal from the judgment entered in favor of Eakin in the case in which she is one of the defendants.

Appellants first raise the argument that the Court should not have permitted the merits of Eakin's counter-claim against Polimeni to reach the jury inasmuch as Eakin should be held to be contributorily negligent as a matter of law.[1] The issue clearly is not one to be raised by appellant-passengers, as they were not parties in interest in the cause of action which gave rise to said counter-claim. They have no standing to contest the verdict in the case of Polimeni against Eakin. Such a question could be raised by Polimeni, but he has not appealed.

Appellants' second argument is that the trial court refused to charge the jury on the law of "The Vehicle Code", by reciting specific sections thereof.[2] This is indeed

---

1. The five cases and Eakin's counter-claim were tried together, the same facts obtaining for all. It must be remembered that in their first argument, appellants are referring to the case of *Polimeni v. Eakin and Caldwell*, with Eakin counter-claiming.

2. Specifically, sections 1011(a) and 1014(c) of "The Vehicle Code," 75 P.S. §§1011(a) and 1014(c).

a spurious argument in light of 1) the fact that appellant's counsel did not request such a charge and 2) the charge given, which accurately and fully paraphrased the law of the applicable statute. A judge is not limited in his charge to a simple reading of the statute.

Appellants' third argument is that the Court improperly defined the doctrine of contributory negligence as it applied to Eakin. Appellants now argue that said doctrine should have been a part of the charge as it related to Eakin's counter-claim, and that the Court should have explained that the jury could have found Eakin contributorily negligent in that action. The Court did charge that, as a matter of law, appellants could not be found guilty of contributory negligence, and to this appellants did not object. We cannot now entertain an argument by appellants challenging a charge which, as a matter of law, did not apply to them and which is raised regarding an issue not a part of their case but part of a case to which they were not parties. Therefore, in appellants' case against Eakin and Caldwell, with Polimeni brought in as additional defendant, there being no question of any contributory negligence on the part of appellants, which statement was agreeable to appellants, appellants cannot now raise what to them is a collateral issue.

Appellants next argue that the lower court erred in failing to read to the jury the verdicts as molded by the Court. On Friday, immediately following the jury's reading of its verdict and counsel's rejection of a poll of the jury, the record shows that the Court inquired of the jury whether it was their verdict that "in each case there is a finding for the plaintiffs, or each one of these plaintiffs against the defendant Polimeni?" Of course that excludes the case wherein Polimeni was plaintiff against Eakin and Caldwell, but there could have been no confusion there because each of the other defendants had been adjudged "not guilty". The jury's reply to this question was in the affirmative. In light of the Court's question as

quoted above and the reply of the jury, together with the fact that counsel for appellants did not raise any objection until the following Monday, after the trial had moved on to subsequent considerations, the Court correctly refused the request to re-read the molded verdicts and poll the jury.

Appellants' fifth argument is that the trial court erred in charging the jury on the issue of superseding negligence. The trial judge's charge followed the language in *Klena v. Rutkowski*, 432 Pa. 509, 513-514, 248 A.2d 9, 11 (1968), as it defines liability 1) of a third-party tortfeasor whose action is independent of the original tortfeasor, the condition created by him being "merely a circumstance of the accident and not its proximate cause"; and 2) of both the original and third-party tortfeasors, their action being "contributing causes and proximate factors". In the instant case, reading the charge as a whole, we believe that it complies with the law of Pennsylvania on the liability of tortfeasors in the circumstances of this case. The charge advises the jury that it may find Eakin alone guilty. Or, in language similar to *Klena, supra,* the jury may find that Polimeni's action was negligent to such an extent as to be a superseding cause of harm, thus allowing a finding of Polimeni's sole liability. Or, again in language similar to *Klena, supra,* the jury may find that Eakin's action, together with that of Polimeni, were contributing causes, one with the other, of the damage, thus allowing a finding of joint liability. We hold that the charge adequately stated the findings which the jury could make. See *Hargrove v. Frommeyer & Co., et al.,* 229 Superior Ct. 298, 323 A.2d 300 (1974).

Appellants' sixth argument is that the Court erred when it permitted counsel for the Caldwells to comment to the jury on the failure of counsel for Polimeni to call a witness in rebuttal. After the close of the cases the Court asked if there was any rebuttal and counsel for Polimeni answered that he desired to call a witness by

the name of Quillan. Opposing counsel asked what was intended Mr. Quillan would rebut, when counsel for Polimeni said that Mr. Quillan would "tell a different story". After a long colloquy about whether or not Mr. Quillan's testimony first would be taken out of the hearing of the jury, the Court ruled that it would be so taken, and that then it would rule whether or not he could be called as a rebuttal witness. After his testimony had been taken out of the hearing of the jury, the Court ruled that counsel for Polimeni could call Mr. Quillan as a rebuttal witness.

Said counsel then refused to call Mr. Quillan, but the witness was called by counsel for the Caldwells. During his argument to the jury, counsel for the Caldwells told the jury that it could infer from the fact that Mr. Quillan was not called by counsel for Mr. Polimeni as he had announced he would do that they could infer that he was not stopped in the south bound lane when the Caldwell car collided with him, but that he, Mr. Polimeni was still moving. This comment had no improper influence upon the jury because Mr. Quillan had been examined and questioned thoroughly and what he testified to was squarely before the jury. The jury had the facts as Mr. Quillan related them from which facts it could draw its own inferences. Had Mr. Quillan not been called as a witness a different problem might arise.

Appellants' final argument urges that the jury was prejudiced when it became known that appellants' counsel's law firm had represented Polimeni in a previous litigation arising from the instant set of facts.[3] Appellants' motion for mistrial was denied. The following day the Court instructed the jury that consideration of the identity of an attorney who may file a pleading is irrele-

---

3. It had been a cause of action captioned *"Caldwell v. Eakin and Polimeni,"* resulted in a hung jury, was not appealed, and is not part of these proceedings. An order allowing withdrawal of said law firm was signed by Judge SILVESTRI.

vant to the issue of liability. We hold that this adequately explained the objection of appellants, uttered the day before, and that no prejudice against appellants was opened in the minds of the jurors. No fact was misrepresented to the jury, and we do not see how the jury's deliberations as to fact-finding were interrupted by the legal technicality which transpired.

Judgments affirmed.

---

DISSENTING OPINION BY PRICE, J.:

The majority opinion has quite adequately and properly reviewed the factual and procedural background of this appeal as well as the cases related to it as they progressed through the lower court. It is my opinion, however, that the majority does not adequately weigh the full thrust of the appellants' argument at least in its conclusion that the trial court adequately charged as to the applicable provisions of The Vehicle Code. Upon a complete review of the lower court's charge, and acknowledging that the lower court need not read the sections of The Vehicle Code, I am of the opinion that the charge was not adequate as it pertains to the duties and responsibilities of appellee Eakin. This alone, in my view, would entitle appellants to a new trial.

I further believe that the lower court did not charge properly on the doctrine of contributory negligence as it applied to appellee Eakin. The majority points out that contributory negligence is more properly germane to the action in the lower court wherein Eakin was a plaintiff. This is where I believe the majority fails to perceive the thrust of appellants' argument. To me, appellant argues that the combination of an invalid and improper charge on negligence plus the improper charge on contributory negligence so prejudiced the appellants' case before the jury as to make it impossible for the jury to properly consider appellants' case against Eakin.

I agree and, therefore, would award appellants a new trial in their action against Eakin and Caldwell wherein Polimeni is the additional defendant.