David CLACK, individually, and t/d/b/a D & C Trucking Company, and Bernard Elam, an Individual, Appellants

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Golden Triangle Construction, Inc., Protection Services, Inc., Burlington Motor Carriers, Inc., a Corporation.

Carl Richard ANDERSON and Rena Kay Anderson, his wife

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bernard Elam and D & C Trucking Company,

Appeal of Bernard ELAM and D & C Trucking Company, Appellants.

BURLINGTON MOTOR CARRIERS, INC., a Corporation

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bernard Elam and David Clack d/b/a D & C Trucking Company,

Appeal of Bernard ELAM and David Clack d/b/a D & C Trucking Company, a sole proprietorship, Appellants.

Carl Richard ANDERSON and Rena Kay Anderson, his wife, Appellants

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bernard Elam and D & C Trucking Company.

David CLACK, Individually, and t/d/a D & C Trucking Company and Bernard Elam

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Golden Triangle Construction Company, Inc., Protection Services, and Burlington Motor Carriers, Inc., a Corporation,

Appeal of BURLINGTON MOTOR CARRIERS, INC., Appellant.

BURLINGTON MOTOR CARRIERS, INC., a Corporation, Appellant.

v.

COMMONWEALTH of Pennsylvania, DE-PARTMENT OF TRANSPORTATION, Bernard Elam and David Clack d/b/a D & C Trucking Company, a Sole Proprietorship.

Commonwealth Court of Pennsylvania.

Argued March 16, 1998.
Decided April 30, 1998.
Reargument Denied June 15, 1998.

Leslie J. Castaldi, Philadelphia, and Kim R. Bobrowski, Pittsburgh, for appellants

L. John Argento, Pittsburgh, and Kathleen Smith–Delach, Washington, for appellee.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

This Court must determine whether the Court of Common Pleas of Greene County (trial court) properly denied requests for judgment notwithstanding the verdict (JNOV) or a new trial following a jury trial. This consolidated appeal arises from a motor vehicle accident which occurred in March 1993, on Interstate 79 (I–79) at the Waynesburg, Pennsylvania exit. Based upon the law and our review of the record, we affirm, as modified.

The facts are as follows. Appellee Carl Anderson (Anderson) was injured when the truck he was driving for Burlington Motor Carriers, Inc. (Burlington) struck the disabled tractor-trailer driven by Bernard Elam (Elam) for David Clack and D & C Trucking Company (D & C Trucking). At the time of the accident, I–79 was a four-lane, limited access highway with two northbound lanes and two southbound lanes. Construction was underway in the left northbound lane and the accident occurred within that construction zone. Elam lost control of the tractor-trailer he was driving for D & C Trucking on the rough pavement. His truck jackknifed, coming to rest on the right shoulder, but within 6–12 inches of the paved portion of the high-

way. Elam turned his flashers on but failed to use any reflective warning devices, such as flares or triangles, to warn oncoming vehicles.[1]

Anderson, soon thereafter, followed, driving the Burlington tractor-trailer. Anderson experienced the same rough road and also lost control of his vehicle; however, he struck the disabled tractor-trailer driven by Elam and sustained serious injury.

Anderson commenced a personal injury action against Elam and D & C Trucking. Burlington, Anderson's employer, instituted a property damage action against the Department of Transportation (DOT) and D & C Trucking.[2] D & C Trucking also commenced a property damage action against DOT, Golden Triangle and Burlington. The trial court consolidated the three causes of action.

Before trial, DOT filed a motion in limine, in which D & C Trucking joined, to preclude Anderson from introducing and recovering medical expenses and lost wages paid or payable by workers' compensation. The trial court denied the motion, as well as D & C Trucking's request for binding instruction on this issue.

During the June 1996 trial, Anderson argued that Elam and D & C Trucking were negligent because Elam had failed to place reflective warning devices behind his tractor-trailer, in accordance with state and federal regulations. At the close of Anderson's case, counsel for D & C Trucking moved for compulsory non-suit on the ground that Anderson had failed to establish that any conduct on part of D & C Trucking had caused the accident. The basis of this claim was that the accident would have occurred regardless of whether or not reflective warning devices had been placed behind D & C Trucking's tractor-trailer. The trial court denied the motion for compulsory non-suit.

---

1. Elam waved down a passing motorist and went to telephone for help.

2. D & C Trucking joined Golden Triangle Construction Company (Golden Triangle) as an additional defendant. DOT contracted with Golden Triangle for the highway construction.

The jury returned a verdict in favor of Anderson and against D & C Trucking only.[3] However, the jury also found that Anderson was causally negligent himself, and allocated 41 percent liability against him.

D & C Trucking filed post-trial motions, requesting, inter alia: 1) JNOV on the ground that Anderson had not established that any negligence by D & C Trucking was a cause-in-fact of Anderson's accident; 2) JNOV on the ground that, as a matter of law, the conduct of D & C Trucking was not a proximate cause of Anderson's accident; 3) a new trial on the ground that the trial court erred in denying the motion in limine to preclude Anderson from seeking recovery of medical expenses and lost wages paid or payable by workers' compensation; and 4) a new trial on the ground that the trial court erred in permitting the testimony of an economist on the issue of lost wages.[4] The trial court denied all of D & C Trucking's post-trial motions. Anderson and Burlington filed post-trial motions requesting a new trial as to DOT and Golden Triangle on the grounds, among others, that the trial court refused to charge the jury on certain requested points. The trial court also denied these motions for post-trial relief.

■ Elam and David Clack, individually, and D & C Trucking appealed to this Court from the judgments entered against them, arguing that despite the absence of reflective warning devices to alert oncoming motorists of the location of D & C Trucking's vehicle, that the evidence failed to establish any neg-ligence that could be a substantial factor in causing Anderson's accident. Anderson and Burlington filed cross-appeals against DOT and Golden Triangle. Six appeals have thus been consolidated before this Court.[5]

■ Elam and D & C Trucking first claim that they should be awarded JNOV or a new trial on the ground that Elam's failure to employ reflective warning devices could not have been a proximate cause or cause-in-fact of Anderson's accident. Anderson and Burlington assert to the contrary, that Elam was negligent in failing to place reflective warning devices behind the jackknifed tractor-trailer. The trial court denied the request because negligence and causation issues are questions for jury to decide based upon the evidence. We agree with this holding.

At the time of Anderson's accident, Pennsylvania statutes and federal regulations required a tractor-trailer, which has become disabled to place reflective warning devices, such as triangles or flares, at distances of 100 and 200 feet behind the trailer. 75 Pa.C.S. § 4530; 49 C.F.R. § 392.20. Because of this statutory duty, Anderson asserts that the jury correctly determined Elam's negligence caused the accident.

Pennsylvania courts have generally held that the question of negligence and causation is a jury question.[6] Thus, we hold that the trial court properly allowed the jury to consider Mr. Elam's failure to comply with the statutory and regulatory requirements con-

---

3. The jury found that DOT had been negligent, but that its negligence was not a substantial factor in bringing about Anderson's injuries. The jury also found Golden Triangle not negligent.

4. This issue was not pursued in the appeals before this Court.

5. Our scope of review is limited when reviewing a trial court's denial of a defendant's request for JNOV. JNOV should not be granted if there is reasonable support for a verdict in favor of the plaintiff. *Brandon v. Peoples Natural Gas Co.*, 417 Pa. 128, 207 A.2d 843 (1965). JNOV cannot properly be entered where there is any evidence upon the record from which the jury could have found a verdict for the plaintiff. *Handfinger v. Philadelphia Gas Works*, 439 Pa. 130, 266 A.2d 769 (1970). In considering a motion for JNOV, a reviewing court must consider the evidence presented at trial as well as all reasonable infer-ences which may be drawn therefrom in light most favorable to the verdict winner. *Mitzelfelt v. Kamrin*, 526 Pa. 54, 584 A.2d 888 (1990).

In order to obtain a new trial, the moving party must demonstrate in what way the claimed trial error caused an incorrect result. *Scarborough v. Lewis*, 359 Pa.Super. 57, 518 A.2d 563 (1986). In ruling on a motion for a new trial, the court must view all the evidence, *Abbott v. Steel City Piping Co.*, 437 Pa. 412, 263 A.2d 881 (1970), and if the trial court concludes that the judicial process has effected a serious injustice, only then should it grant a new trial. *Smith v. Barker*, 368 Pa.Super. 472, 534 A.2d 533 (1987).

6. *Ferne v. Chadderton*, 363 Pa. 191, 69 A.2d 104 (1949); *St. John v. Kepler*, 360 Pa. 528, 61 A.2d 875 (1948); *Purol, Inc. v. Great Eastern System, Inc.*, 130 Pa.Super. 341, 197 A. 543 (1938).

cerning warning devices, as such failure deprived Anderson of the opportunity to either stop or slow down and avoid the serious accident.[7] The trial court properly submitted the questions of Elam and D & C Trucking's negligence and causation to the jury. Because there was sufficient evidence upon which a jury could find that Elam was negligent, and based upon our scope of review in determining whether a new trial should or should not be granted, we believe this negligence could have been found by a jury to be a substantial factor in causing Anderson's accident.

Next, Elam and D & C Trucking argue that the trial court erred in permitting Anderson to introduce and recover medical expenses and wage loss benefits paid or payable by workers' compensation. Both D & C Trucking and DOT filed a motion in limine to exclude evidence of medical expenses and wage loss benefits which are paid or payable by workers' compensation based upon the Pennsylvania Motor Vehicle Responsibility Law at 75 Pa.C.S. §§ 1720, 1722. However, Anderson's counsel stipulated that workers' compensation had been submitted in Indiana,[8] and thus argued, Pennsylvania law did not apply. The trial court agreed and denied the motion, holding that Pennsylvania law did not apply because Indiana had more significant contacts with the workers' compensation subrogation issue, citing *Davish v. Gidley*, 417 Pa.Super. 145, 611 A.2d 1307 (1992).[9]

■ Indiana's Workers' Compensation Act at Sections 22–3–2–13 and 22–3–3–23, provide for subrogation rights of the employer. While neither Burlington nor its workers' compensation carrier asserted a subrogation interest at any level of the litigation, Indiana law gives an employer the permissive right to commence an action at law for the collection of a subrogated claim against any third person in whom legal liability for damages exists at any time within one year after the acceptance of the compensation awarded notwithstanding the provisions of any statute of limitation to the contrary. *Standard Accident Insurance Co. v. Pet Milk Co.*, 118 Ind.App. 477, 78 N.E.2d 672 (1948). Therefore, Burlington may still assert its subrogation interest if such claim is brought within one year after the acceptance of the compensation awarded Anderson. It is because the trial court did not consider Indiana's statute of limitations that we modify its decision solely on this issue.

■ Finally, Anderson and Burlington assert that the trial court failed to properly charge the jury regarding the duties and negligence of DOT and Golden Triangle as persons in possession and control of the highway. The trial court ruled that the requested points for charge were either denied or denied as covered in other instructions. Anderson and Burlington assert here that the trial court's failure to read the requested points was reflected by the jury verdict in favor of Golden Triangle and DOT, and in the finding of the high percent of contributory negligence assigned to Anderson. We do not agree.

The trial court charged the jury on the general law of negligence, ordinary care and duty of care, substantial factor and duties which a possessor or owner of land owes another. The trial court also charged the jury regarding DOT's construction contract with Golden Triangle.

■ It is clearly the law of this Commonwealth that when reviewing a trial judge's charge to the jury it must be viewed as a whole. *Reilly v. Southeastern Pennsylvania Transportation Authority*, 507 Pa. 204, 489

---

7. Elam and D & C Trucking rely on *Klena v. Rutkowski*, 432 Pa. 509, 248 A.2d 9 (1968), to support their position that they were not the proximate cause of the accident. However, *Klena* is distinguishable because the driver there admitted that he saw the disabled vehicle prior to the collision even though no warnings were displayed. · Here, no testimony exists that Anderson saw Elam's disabled tractor-trailer or the flashers, which Elam alleges he had turned on.

8. Burlington's home office is located in Indiana. The tractor-trailer Anderson was driving was also titled in Indiana.

9. In *Davish*, the Court held that the law of the state in which the worker obtained compensation benefits was controlling for purposes of determining whether the carrier was entitled to intervene and seek subrogation.

A.2d 1291 (1985). A reviewing court will seldom reverse the judgment of a jury based on error in a charge unless that error is one, which provided incorrect or misleading statements as to a material fact. *Whistler Sportswear, Inc. v. Rullo,* 289 Pa.Super. 230, 433 A.2d 40 (1981).

 Because jury instructions must be upheld if they adequately and accurately reflect the law and are sufficient to guide the jury in its deliberations, *Brill v. Systems Resources, Inc.,* 405 Pa.Super. 603, 592 A.2d 1377 (1991), we will not grant a new trial. Unless the charge as a whole can be demonstrated to have caused prejudicial error, there will not be a reversal for isolated in accuracy. *Stewart v. Motts,* 539 Pa. 596, 654 A.2d 535 (1995). A charge should be found adequate unless the issues are not made clear to the jury; the jury is confused by what the judge said or there is a statement in a charge that amounts to a fundamental error. *Id.* When reviewed as a whole the trial court's charge to the jury adequately and correctly charged the jury with regard to the possibility of negligence and liability on behalf of DOT and Golden Triangle. We have carefully reviewed the jury charge and hold that the trial court adequately instructed the jury on the issues presented. Therefore, based upon our careful review of the record, we hold that the trial court correctly denied the post-trial motions.

Accordingly, we affirm, as modified.

### ORDER

AND NOW, this 30th day of April, 1998, the order of the Court of Common Pleas of Greene County in the above-captioned matter is hereby affirmed, as modified, as Appellant, Burlington Motor Carriers may still file a subrogation action under Indiana law for one year after the acceptance of the compensation award by Anderson.