465 A.2d 1060

**GEORGE I. REITZ & SONS, INC.,**

v.

**DONISE ENTERPRISE, INC. T/D/B/A Engineered Industrial Services, a Pennsylvania Corporation, Appellant.**

Superior Court of Pennsylvania.

Argued March 29, 1983.

Filed Sept. 16, 1983.

John R. Fernan, Ridgway, for appellant.

William H. Schorling, Pittsburgh, for appellee.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant appeal by the Defendant-Appellant Donise Enterprise, Inc., t/t/b/a Engineered Industrial Services (hereinafter referred to as "Donise") arises following the lower court's denial of a motion for new trial.[1] The case had been tried before a jury, which returned a verdict for the Plaintiff-Appellee, George I. Reitz & Sons, Inc. (hereinafter referred to as "Reitz"), awarding damages on a breach of contract claim.

1. Donise also moved for judgment n.o.v. Local Rule L304.1 of the Jefferson County Court provides that the moving party in all post-trial and post-hearing motions or petitions shall include a request for a transcript of the testimony of trial, if argument is to be offered based upon the testimony. The Appellant did not comply with that Rule and the lower court held that this foreclosed its consideration of the motion for judgment n.o.v. That ruling is not challenged on the instant appeal. The lower court, despite Appellant's failure to observe the Local Rule, considered the merits of Appellant's motion for new trial. On the instant appeal, the Appellee contends that the Appellant's failure to have the record transcribed should result in a finding that the Appellant has waived all of its arguments on this appeal, including those relating to the lower court's denial of its motion for new trial. Our appellate courts give great weight to a lower court's interpretation of its own rules. See *Dunham v. Temple University*, 288 Pa.Super. 522, 432 A.2d 993 (1981); *Gordon v. Board of Directors of West Side Area Vocational Technical School*, 21 Pa.Cmwlth. 616, 347 A.2d 347 (1975). Because the lower court did not find a waiver of the Appellant's arguments relating to its motion for new trial, despite the apparent violation of the Local Rule, we will not hold that the Appellant has waived its arguments on this appeal, relating to the new trial motion, solely on the basis of the Appellant's failure to have the trial transcript prepared in time for its consideration by the lower court at the time of post-trial motions.

The evidence, as adduced in the lower court, shows that in July, 1979, the parties entered into a contract calling for Reitz to manufacture a large stainless steel part of a paper making machine, known as a transition piece. The agreed consideration for the work was to be $11,419.00, and it was to be picked up by Donise at the Plaintiff's plant. On December 19, 1979, Donise picked up the transition piece at Reitz's plant, by truck, and conveyed it to a customer of a paper mill in Johnsonburg, Pennsylvania. On the same date, Reitz issued an invoice to Donise for $11,419.00, which was to be paid within 30 days.

In January, 1980, a Donise employee contacted officers of Reitz, to request a meeting at the paper mill to discuss some welds and discolored spots on the transition piece that allegedly had not been ground smooth and polished sufficiently to the standards necessary for the use of the transition piece in the paper making process. At the subsequent meeting, the representatives of Reitz and Donise agreed that because the transition piece was a large and cumbersome piece of equipment, Donise would grind and polish the welds and discolored spots at the plant site, and that the cost of this work would be charged back against Reitz.

During the period from January through April, 1980, Reitz demanded payment for the transition piece, but no payment was forthcoming from Donise. Unknown to Reitz, Donise had been paid for the transition piece in early February, 1980 by the paper mill owner. In April, 1980, Donise requested that Reitz pick up the transition piece because plans had been altered and the transition piece required changes. Reitz picked up the transition piece at the paper mill and thereafter advised Donise that the additional work to meet the new specifications would result in additional charges of $8,115.00. Reitz again requested that it receive either full or partial payment from Donise on the $11,419.00 charge for the original fabrication of the transition piece. Donise refused to pay anything until after Reitz had performed the alterations necessitated by the changed plans. Reitz then informed Donise that no further work

would be done on the transition piece until it had been paid for its original work. Donise refused to pay Reitz and purchased a substitute transition piece elsewhere which it delivered to its customer at the paper mill.

After considering the evidence, the jury returned a verdict against Donise for the contract price, $11,419.00. On the motion of Reitz, the lower court molded the verdict to include prejudgment interest of $1,610.08, resulting in a final verdict in the amount of $13,029.08. Donise raises three separate arguments on this appeal in support of its contention that the lower court erred in denying its motion for new trial.

First, Donise maintains that the lower court erred in allowing Reitz to introduce evidence of an alleged agreement between the parties regarding efforts by Reitz to cure the allegedly defective condition of the welds and discoloration on the transition piece. The Appellant contended that this evidence should not have been admitted because there was no consideration for such an agreement.

■ We find no substance to this claim as there was evidence that Reitz promised to pay Donise for its work in grinding and polishing the welds. A promise to pay has long been held to be valid consideration in our Commonwealth. See *In re Estate of Ratony*, 443 Pa. 454, 277 A.2d 791 (1971), and cases and other authorities cited therein. Thus, the Appellant's contention that there was no consideration for the agreement is incorrect. Moreover, we note that the lower court found that the agreement in question was admissible into evidence as proof on behalf of Reitz that Donise had "accepted" the transition piece, pursuant to the Commercial Code, 13 Pa.C.S.A. § 2606. Such evidence showed that Donise agreed to keep the transition piece and grind and polish the non-conforming parts and charged the cost of same back against Reitz. Therefore, the evidence as to the agreement was clearly relevant to prove that Donise did not act to "reject" the transition piece, but instead "accepted" it despite the non-conforming welds. It is evi-

dent that there is no merit to the Appellants' initial claim of error.

Second, Donise maintains that the jury verdict was improper because it did not give the Appelant credit, in the amount of $500.00, which was the cost of remedying the nonconforming welds. Donise claims that the verdict was, in that particular, in direct contravention of the lower court's instructions. It is clear that the grant of a new trial is proper only when the jury's verdict is so contrary to the weight of the evidence as to shock one's sense of justice and make a new trial imperative in order that right may be given another opportunity to prevail. See *Yandrich v. Radic*, 291 Pa.Super. 75, 435 A.2d 226 (1981). Further, the decision as to whether a new trial should be granted because of any impropriety in the verdict is held to be within the competence of the trial court, and we will not disturb the lower court's decision in the absence of indications of a clear abuse of its considerable discretion in such circumstances. See *Bortner v. Gladfelter*, 302 Pa.Super. 492, 448 A.2d 1386 (1982).

In the instant case, the jury obviously concluded that Donise accepted the transition piece and did not reject it after learning of the non-conforming welds. See the Commercial Code, 13 Pa.C.S.A. § 2607, which provides that a buyer must pay at the contract rate for any goods "accepted". In this case, the jury awarded the full contract price for the transition piece. It is clear that under 13 Pa.C.S.A. § 2714, Donise had the burden of proving any set-off to which it might have been entitled because of the weld defects.[2] Testimony was offered by witnesses for Reitz which indicated that the cost of grinding and polishing the

---

[2] The evidence showed the welds in question had been ground to a smooth and polished finish, as provided in the agreement between the parties. However, they required a higher degree of grinding and polishing for the particular paper process for which the transition piece was intended. The additional finishing required was not explained to the Appellee before the completion of the manufacturing and the delivery of the transition piece to the mill, but we are assuming there was a "defect" for purposes of our consideration of this appeal.

two welds and other problems was approximately $500.00. The evidence showed that Donise never did polish and grind the two welds in question. Instead, it purchased a substitute transition piece elsewhere for its customer. Therefore, it does not appear that the jury abused its discretion in denying Donise a set-off for the cost of repairs which the evidence indicated it did not perform. In these circumstances, we find no abuse of discretion in the lower court's denial of the Appellant's challenges to the verdict.

■ Finally, Donise contends that the lower court erred by not charging the jury that the time for acceptance or rejection of non-conforming goods can be delayed when the buyer and seller are attempting to resolve disputes. Several reasons are apparent for rejecting this claim of error. First, the record shows that the Appellant did not submit this point in writing prior to the charge, an apparent violation of Rule 226 of the Pennsylvania Rules of Civil Procedure. Thus, we could find a waiver because the Appellant merely requested this additional charge orally at the conclusion of the lower court's instructions to the jury. However, even if we would not find a waiver in such circumstances, it is clear that the lower court did not abuse its discretion in refusing to give the instruction requested by Appellant, because the point did not apply to the evidence presented in the case. The record shows that Donise indicated it would remedy the non-conformity and held the transition piece in silence for three months while assuring Reitz, the seller, that its payment was forthcoming. Thus, the lower court would have had no basis to charge the jury that the time for acceptance or rejection of non-conforming goods can be delayed when the buyer or seller are attempting to resolve disputes. Such a charge, even if correct in other circumstances, was inapplicable to the facts of record adduced in the instant case. Accordingly, we reject the Appellant's final claim of error.

The order of the lower court is hereby affirmed.