534 A.2d 533

**Gordon S. SMITH, Appellant,**

v.

**Joseph BARKER and National Construction Co., Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1987.

Filed Dec. 9, 1987.

Lee Albert, Philadelphia, for appellant.

Jeffrey H. Quinn, Philadelphia, for appellees.

Before McEWEN, OLSZEWSKI and DEL SOLE, JJ.

DEL SOLE, Judge:

The instant action was commenced by the Plaintiff–Appellant Gordon Smith, to recover damages for personal injuries and pecuniary losses suffered as the result of an automobile accident which occurred on December 12, 1976. The Defendant–Appellee, Joseph Barker was the driver of the motor vehicle which struck Mr. Smith, Appellee was driving the motor vehicle as the servant of National Construction Co. A jury trial resulted in a verdict in Appellant's favor in the amount of $42,500 in damages. The Appellant filed post-verdict motions [1] seeking a new trial and he also

---

1. Appellant's post-trial motions were filed and docketed by the post-trial motions clerk in Philadelphia, on July 31, 1986 in compliance

sought Delay Damages pursuant to Pa.R.C.P. 238. On December 5, 1986, the trial court denied these motions and entered judgment in favor of Mr. Smith in the amount of $42,500. No Delay Damages were awarded.

Appellant presents us with five questions: (1) Whether the trial court erred in failing to award a new trial in that the verdict was so inadequate and should shock the conscience of the Court? (2) Did the trial court err in allowing Appellee to withhold testimony taken via video deposition for preparation at trial? (3) Should facts regarding liability relevant to the issue of damages be allowed at trial where liability is conceded by Appellee? (4) Did the Appellant suffer substantial irreparable harm as to warrant a mistrial, as a result of questions and comments made by defense counsel and the court concerning Appellant's case during trial? (5) Did the trial court err in failing to assess Rule 238 Delay Damages?

It is well established law in the Commonwealth that a decision to grant a new trial because of any impropriety in the verdict is well within the discretion of the trial court and in the absence of a clear abuse of its considerable discretion will not be disturbed on appellate review. *Reitz v. Donise Enterprise*, 319 Pa.Super. 76, 465 A.2d 1060 (1983). Our Court has set forth the following criteria to determine when a verdict can be set aside as inadequate:

> A verdict is set aside as inadequate when it is so inadequate as to indicate passion, prejudice, partiality, or corruption, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff. If the

with Philadelphia Civil Rule 240(C). These post-verdict motions are a part of the original record certified to this Court. Therefore, Appellant is in substantial compliance with our holding in *Burns v. City of Philadelphia,* 350 Pa.Super. 615, 504 A.2d 1321 (1986), requiring that the original record certified to this Court must include all documents filed in the trial court, and a certified copy of all docket entries relating thereto regardless of the office in which they were filed and docketed. Appellant's post-trial motions should have also been included on the original docket sheet as of the date filed. In spite of this error we will consider the merits of the appeal.

verdict bears a reasonable resemblance to the damages proved, the appellate court will not disturb the verdict merely because the damages are less than the reviewing court might have awarded. (Citations omitted).

*Slaseman v. Myers,* 309 Pa.Super. 537, 540–541, 455 A.2d 1213, 1215 (1983).

Our careful review of this record fails to show that the jury's verdict was the product of passion, partiality, prejudice or corruption. Moreover, the Appellant does not assert such in his appeal to this court. Appellant's entire argument is based on his dissatisfaction with the amount of the award.

■ At trial, Mr. Smith offered the videotaped deposition of his medical expert Dr. Steven Silberstein regarding his medical damages, and his own testimony concerning his pain and suffering and pecuniary losses. Many of Mr. Smith's alleged physical injuries were subjective in nature (headaches and dizziness). "The duty of assessing damages is within the province of the jury" and as trier of fact, they weigh the veracity and credibility of the witnesses and their testimony. *Lewis v. Pruitt,* 337 Pa.Super. 419, 431, 487 A.2d 16, 22 (1985). In light of the evidence and above stated guidelines, we cannot conclude that the jury's verdict of $42,500 was unreasonable or inadequate, warranting the grant of a new trial.

■ The Appellant's next argument is quite novel, but totally meritless. He asserts that it was error for the trial court to permit the Appellee to withhold the cross examination of Appellant's expert witness, Dr. Silberstein, at trial, and to allow the defendant not to present the video depositions prepared by defendant of Drs. Cook and Simon. He argues the court's rulings on these matters constituted an abuse of discretion and therefore a new trial should be granted. Dr. Silberstein's testimony was presented via a video tape in a deposition recorded in preparation for trial. Although defense counsel had cross-examined the witness at the time of the deposition, he chose not to present that cross examination to the jury at trial.

Appellants seem to be advancing the same theory herein as the appellants in *Pascone v. Thomas Jefferson University*, 357 Pa.Super. 524, 516 A.2d 384 (1986), *allocatur granted*, 515 Pa. 623, 531 A.2d 431 (1987), namely that once a deposition is taken in preparation for trial, it must be presented to the jury. In *Pascone*, our Court held that such a conclusion would be in direct contradiction of Pa.R.C.P. 4020(d), and that the trial court did not abuse its discretion in barring the plaintiff-appellant from introducing the video deposition of the defendant-appellee's medical expert. Similarly, the trial court herein in no way committed an abuse of its discretion by permitting Appellee to withhold the video taped cross-examination of Dr. Silberstein from the jury. Essentially, the testimony of Appellant's medical expert went unchallenged and uncontraverted.

■ The third issue presented is whether the trial court erred in preventing Appellant from introducing evidence of Appellee leaving the scene of the accident. The trial court ruled that this evidence was irrelevant, as the Appellee had admitted liability and the only issue before the jury was that of damages. Our review of the record reveals that the jury did hear evidence regarding the accident that clearly established the causal connection between the collision and Appellant's injuries. The collateral facts surrounding the accident including Appellee's post-accident behavior would only have distracted the jury from properly assessing Appellant's damages. Therefore, the trial court did not err in preventing the introduction of this evidence.

Next Appellant asserts that a new trial is warranted based upon the court's questioning of Appellant, Appellee's attorney's questions to Appellant, and because of statements made by Appellee's attorney during closing arguments.

■ Naturally, in a case of this nature, a significant issue at trial was the amount of income earned by Appellant following his accident. Testimony revealed a disparity in Appellant's corporate tax returns (he was president and sole shareholder of a corporation called Gordon S. Smith Associ-

ates), and his personal income tax return. (N.T. 131–133). The trial court asked a few questions of Mr. Smith, in an attempt to remedy the confusion regarding the amount of his actual compensation. "It is well settled that a trial court always has the right and sometimes even the duty to interrogate witnesses, in order to clarify evidence, or to elicit new information that is necessary to ensure a fair trial." *Pratt v. Stein*, 298 Pa.Super. 92, 444 A.2d 674, 687 (1982). Unless the trial judge's questioning amounts to an abuse of discretion, so that "prejudice, bias, capricious disbelief or prejudgment" is discernible a new trial will not be granted. *Id.* Having examined the instances in which the trial judge is alleged to have abused its discretion, we find that the requisite criteria are absent.

■ Similarly, we do not find that the trial court erred in failing to grant a new trial, because of the questions posed to Appellant by Appellee's attorney, and the statements made by him during closing arguments. . Again, the subject matter of the questions concerned the discrepancies in Appellant's personal income tax returns; the remarks during closing arguments which Appellant objected to were sustained by the court and curative instructions were given to the jury.

■ It is the duty of the trial court to review the entire record and if it concludes that the judicial process has effected a serious injustice, only then should it grant a new trial. This Court will reverse the trial court's ruling only upon the conclusion that it acted capriciously or abused the discretion vested in it. *Lamb v. Gibson*, 274 Pa.Super. 7, 417 A.2d 1224 (1980). The trial court's opinion thoughtfully considered these alleged errors and we can find no basis for holding that the trial court abused its discretion in denying Appellant's motion for a new trial.

■ Finally, we turn to Appellant's request and the court's subsequent denial of Delay Damages under Rule

238.[2] Following the verdict for Appellant in the amount of $42,500, on July 25, 1986 he requested that the court award Delay Damages in the amount of $29,750.00, and that a molded verdict be entered in this matter in the amount of $72,250 in favor of Appellant Smith. The court's December 5, 1986 order entered judgment upon the jury's verdict in the sum of $42,500. We find that the trial court erred in its failure to award Delay Damages and remand this issue to the trial court for a determination of the amount of Delay Damages due Appellant.

Appellee asserts that the recent Pennsylvania Supreme Court decision in *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986) is applicable to the instant case. We disagree. *Craig* states the following:

[a]s we have indicated above, the suspension of the mandatory provision of Rule 238 is to be given prospective effect only. *Those parties whose cases are now in the appellate or post-trial process, who have not asserted attacks on the Rule 238 aspect of the damage award, may not now assert such challenges.* (Emphasis added).

*Id.*, 512 Pa. at 66, 515 A.2d at 1353. *Craig* is given prospective effect only and was filed on October 8, 1986. The verdict in this case was rendered on July 22, 1986 and the request for Delay Damages was presented on July 25, 1986. Prior to the filing of his brief, Appellee in no way questioned or attacked the application of the Rule. Therefore, since this case was already in the post-trial stage when the decision in *Craig* was rendered, the trial court should have awarded Delay Damages to Appellant.

Judgment affirmed in part, remanded in part for proceedings consistent with this opinion. Jurisdiction relinquished.

2. Rule 238 of the Pennsylvania Rules of Civil Procedure states that delay damages in the amount of 10% shall be computed on verdicts rendered, which are 125% greater than the last written offer. The jury rendered a verdict in favor of the plaintiff, Gordon Smith, in the amount of $42,500.00. The only written offer in this case was $20,000.00. In this case, the jury verdict is clearly in excess of that amount.