## Pearson v. Ly

*John C. Coste,* for plaintiffs.
*Patrick J. Gibbons,* for defendant.

LYNN, *J.,* November 29, 2005—

## I. FACTS AND PROCEDURAL HISTORY

On January 6, 2005, the above matter was tried before the undersigned, sitting with a jury. Plaintiffs, Janet Pearson and Ernestine Powell, filed a civil action against defendant, Coong Min Ly, and additional defendant, Duvalar Stockton, for personal injuries sustained from an automobile accident on October 21, 2001.[1] Plaintiffs were passengers in a car driven by additional defendant, which was stopped at a red light at the intersection of Wyoming Avenue and 5th Street, Philadelphia, when it was struck in the rear by a car driven by defendant.

At trial, the parties stipulated that defendant Ly was negligent; that plaintiffs could enter medical evidence by way of reports, and damages would be limited to $15,000 pursuant to Pa.R.C.P. 1311.1; the amount of economic and medical damages; and that Mr. Stockton would testify that he was driving a 1997 Lincoln which sustained minor rear-end damage to the bumper in the

---

1. The matter was initially filed as an arbitration matter. Defendant Ly filed a joinder complaint naming Stockton as an additional defendant. An arbitration hearing was held and there was a finding in favor of each plaintiff and additional defendant Stockton. The panel found against defendant Ly. Additional defendant Stockton was subsequently dismissed from the matter and defendant Ly filed an appeal of the arbitration award.

accident. Both plaintiffs testified and the jury was permitted to review the medical records of both plaintiffs.

The jury returned a verdict finding that defendant Ly's actions were a substantial factor in causing the injury each of the plaintiffs suffered; however, they awarded zero dollars. Thereafter, plaintiff filed post-trial motions for judgment notwithstanding the verdict and/or a new trial.

Plaintiff's post-trial motions were denied by this court on July 7, 2005. Plaintiff filed a timely notice of appeal to the Superior Court. This court ordered plaintiff, the moving party, to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b) of the Rules of Appellate Procedure within 14 days. Plaintiff filed a response on September 27, 2005.

The evidence at trial established that on October 21, 2001, plaintiffs were passengers in the car driven by Duvalar Stockton when the car was rear-ended by defendant Ly's automobile at the intersection of Wyoming Avenue and 5th Street. (N.T., 1/6/05, pp. 24, 31, 50, 65.) Both plaintiffs testified that Mr. Stockton had picked them up from Bingo and were on their way home when they were stopped at the red traffic light at the intersection of Wyoming Avenue and 5th Street. (N.T., 1/6/05, pp. 24, 49-50.)

Plaintiff Ernestine Powell stated that when the car was hit, she was thrown forward, hit her head on the headrest and thrown backwards. She testified that while she did not have pain at first, before leaving the scene of the accident, she asked Mr. Stockton to take her to Parkview Hospital. According the plaintiff Powell, she had a headache in the back of her neck and her upper shoulders

were hurting. She did not have any bruising, bleeding or cuts. Plaintiff Powell then testified that her primary doctor did not handle accident cases so when she called her attorney, he recommended chiropractic care. She received five injections for pain and treated with the chiropractor until May 2002 (N.T., 1/6/05, pp. 24-28, 31, 33-42, 46.) On cross-examination, plaintiff Powell stated that she had been in a previous accident and in 1996, she had injured her back lifting a patient. (N.T., 1/6/05, pp. 43-44.) She also testified that she felt pretty good on the day of trial. (N.T., 1/6/05, pp. 30, 45.)

Plaintiff Pearson next testified that she experienced pain in her neck, back and shoulders after the accident and began seeing a chiropractor off and on for about one year, but only went when she "felt like going." She received the same treatment as her mother, plaintiff Powell. She stated that she was still experiencing pain in her neck and back. Plaintiff Pearson testified that she got a job as a certified nursing assistant after the accident and has trouble lifting and pulling. (N.T., 1/6/05, pp. 51-53, 59, 62.) On cross-examination, plaintiff Pearson testified that she was sitting in the front seat at the time of the accident and was wearing a seatbelt at the time of impact. She also stated that she did not sustain any bruising or bleeding as a result of the accident, but she and her mother had Mr. Stockton take them to the hospital. Mr. Stockton did not need treatment. (N.T., 1/6/05, pp. 53-58.) Plaintiff Pearson further testified that when she started her new job, she did not tell her employer that she was treating for a bad back even though she was having some trouble at work. Plaintiff Pearson stated that she bought a back brace on her own volition and wears it to work

and has not sought any treatment since October 2002. (N.T., 1/6/05, pp. 61-63.)

The medical records of both plaintiffs were provided to the jury and counsel stipulated that Mr. Stockton would have testified that he was driving the vehicle involved in the accident and suffered minor rear-end damage to the bumper. (N.T., 1/6/05, pp. 64-65.)

There is no dispute that defendant Ly's car struck Duvalar Stockton's car. The controversy encompasses whether or not the plaintiffs were injured in the accident, thereby enabling them to recover damages.

## II. ISSUES

Plaintiffs raise the following issues on appeal:

(1) The verdict was contrary to the weight of the evidence, in that the uncontroverted evidence showed that plaintiffs suffered injuries.

(2) The verdict was contrary to the weight of the evidence, in that it was agreed that plaintiffs had sustained economic damages.

(3) The jury's award of zero damages bears no reasonable relation to the uncontroverted evidence presented, and is therefore manifestly insufficient.

## III. DISCUSSION

It is well established that the trial court has wide discretion on whether or not to grant a new trial. *Coker v. S.M. Flickinger Co. Inc.,* 533 Pa. 441, 625 A.2d 1181 (1993). "A trial court may only grant a new trial when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice." *Neison v. Hines,* 539 Pa.

516, 520, 653 A.2d 634, 636 (1995). A new trial should not be granted on a mere conflict in testimony, *Baldino v. Castagna,* 505 Pa. 239, 478 A.2d 807 (1984), or because a trial judge on the same facts would have arrived at a different conclusion. *Nudelman v. Gilbride,* 436 Pa. Super. 44, 647 A.2d 233 (1994).

Plaintiffs argue that the verdict was contrary to the weight of the evidence, in that the uncontroverted evidence showed that plaintiffs suffered injuries and had sustained economic damages, therefore the jury's award of zero damages bore no reasonable relation and is, therefore, manifestly insufficient.

The appellate court's standard of review for evaluating a weight of the evidence claim is well established; the scope of review for such a claim is very narrow. "The determination of whether to grant a new trial because the verdict is against the weight of the evidence rests within the discretion of the trial court, and [the appellate court] will not disturb that decision absent an abuse of discretion." *Commonwealth v. Young,* 692 A.2d 1112, 1114 (Pa. Super. 1997); *Commonwealth v. Pronkoskie,* 498 Pa. 245, 445 A.2d 1203 (1982); *Commonwealth v. Hunter,* 381 Pa. Super. 606, 617, 554 A.2d 550, 555 (1989). Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. *Young, supra, Commonwealth v. Paquette,* 451 Pa. 250, 257, 301 A.2d 837, 841 (1973). The weight to be accorded conflicting evidence is exclusively for the fact-finder, whose findings will not be disturbed on appeal if they are supported by the record. *Commonwealth v. Zapata,* 447 Pa. 322, 290 A.2d 114 (1972). A claim that the evidence presented at trial was

contradictory and unable to support the verdict requires the grant of a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice. *Id.; Commonwealth v. Saksek,* 361 Pa. Super. 173, 522 A.2d 70 (1987). See also, *Commonwealth v. Wallace,* 522 Pa. 297, 315, 561 A.2d 719, 728 (1989) citing *Commonwealth v. Nelson,* 514 Pa. 262, 271 n.3, 523 A.2d 728, 733 n.3 (1987), *cert. denied,* 484 U.S. 928, 108 S.Ct. 293, 98 L.Ed.2d 253 (1987) (under ordinary circumstances, an appellate tribunal should not entertain a challenge to the weight of the evidence since their examination is confined to the "cold record"). See also, *Commonwealth v. Jenkins,* 396 Pa. Super. 395, 578 A.2d 960 (1990) and *Commonwealth v. McLean,* 396 Pa. Super. 23, 578 A.2d 4 (1990) (explaining that a challenge to the weight of the evidence is reviewable by the Superior Court).

In this case, both plaintiffs testified, and it was for the jury to determine whether or not to accept the testimony presented by those witnesses. The jury was at liberty to reject, or accept and give appropriate weight to the testimony. It was therefore the duty of the jury to determine who was credible. In this case, the jury could reasonably infer that neither plaintiff was seriously injured in the accident nor were there any damages sustained by either plaintiff, despite the medical bills the jury was told were out-of-pocket expenses for each plaintiff. Here, the jury simply did not believe that the plaintiffs sustained injuries justifying an award for pain and suffering. The testimony given by plaintiff Powell established that she had a pre-existing medical condition for which she made a workers' compensation claim for in 1996 and was feeling good the day of trial. (N.T., 1/6/05, pp. 24-28, 31,

33-42, 46.) The testimony of plaintiff Pearson established that she treated intermediately for about one year, she never informed her new employer of any limitations she had because of an injury, nor did she sustain any loss from work as a result of the accident. (N.T., 1/6/05, pp. 51-59, 61-63.)

Lastly, the duty to assess damages is squarely within the province of the jury, who as the finders of fact weigh the veracity and credibility of the witnesses and their testimony. *Dranzo v. Winterhalter*, 395 Pa. Super. 578, 577 A.2d 1349 (1990); *Cree v. Horn*, 372 Pa. Super. 296, 539 A.2d 446 (1988), *appeal denied*, 519 Pa. 660, 546 A.2d 621 (1988). The Superior Court has stated that the standard upon reviewing a trial court's decision that damages were adequate and that it should thus refuse to grant a new trial is extremely narrow:

"It is well established law in the Commonwealth that a decision to grant a new trial because of any impropriety in the verdict is well within the discretion of the trial court and in the absence of a clear abuse of its considerable discretion will not be disturbed on appellate review. *Reitz v. Donise Enterprise*, 319 Pa. Super. 76, 465 A.2d 1060 (1983). Our court has set forth the following criteria to determine when a verdict can be set aside as inadequate:

"A verdict is set aside as inadequate when it is so inadequate as to indicate passion, prejudice, partiality, or corruption, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff. If the verdict bears a reasonable resemblance to the damages proved, the appellate court will not disturb the ver-

dict merely because the damages are less than the reviewing court might have awarded. (citations omitted) *Slaseman v. Myers,* 309 Pa. Super. 537, 541, 455 A.2d 1213, 1215 (1983)." *Smith v. Barker,* 368 Pa. Super. 472, 475-76, 534 A.2d 533, 535 (1987), *appeal denied,* 520 Pa. 577, 549 A.2d 137 (1988).

To support the grant of a new trial for inadequacy of the damage award, the injustice of the verdict "should stand forth like a beacon." *Dranzo, supra* at 585, 577 A.2d at 1352; *Cooley v. Jefferson Bank,* 355 Pa. Super. 1, 4, 512 A.2d 713, 714 (1986) (citing numerous cases). In *Dranzo,* the court found that Mrs. Dranzo suffered severe injuries in the accident, primarily a fracture to her left hip and her left heel. She still had pain, she had a permanent limp and that her earning capacity had been permanently diminished. The parties stipulated to the amount of medical expenses and wage loss, amounting to a total of $23,416.01. The jury had returned a total verdict of $118,736.01 for Mrs. Dranzo, damages in the amount of $27,000 for her daughter, and damages in the amount of $5,000 for her husband's loss sustained as her husband and in the amount of $13,070.90 for loss sustained as his daughter's father. On appeal, the trial court wrote:

"No doubt the injuries suffered by Mrs. Dranzo may well have supported a considerably higher verdict, but the fact remains that all of this evidence was presented to the jury, and this court cannot say that the amount of the verdict shocks the conscience of the court. Generally, the consortium claim of her husband, John Dranzo, rests on the oral testimony of these plaintiffs, and essentially, the amount awarded must be determined by the

good sense of the jury upon consideration of all the evidence." Opinion, 7-21-89 at 17.

The Superior Court agreed with the trial court and found that no injustice had been done in the case.

In the instant case, as in *Dranzo,* the allegation that the jury's award of zero damages is manifestly insufficient must fail. As stated above, it is the jury's province to determine amount of damages. This court has determined that the award of zero damages was acceptable based on the evidence presented by plaintiff. Here, the verdict and the amount awarded thereof does not stand forth like a beacon. While the evidence submitted may have supported greater verdict amounts, this court will not invade the province of the jury to substitute its standards over those of the jury after careful deliberations. See *Botik v. Mine Safety Appliance Corp.*, 531 Pa. 160, 611 A.2d 1174 (1992). Even if the jury thought the plaintiff may have some unpaid medical bills, there is no evidence that the verdict resulted from passion, prejudice, partiality or corruption and, therefore, no additur will be awarded or a new trial granted.

## IV. CONCLUSION

In summary, this court has carefully reviewed the entire record and finds no harmful, prejudicial or reversible error.